CITY OF FALL RIVER *vs.* COUNTY COMMISSIONERS OF BRISTOL.

Bristol.    Oct. 25. — Nov. 11, 1878.    ENDICOTT & LORD, JJ., absent.

The St. of 1872, c. 306, relating to the taxation of reservoirs, is unconstitutional, and a tax assessed under it is invalid.

If a reservoir company owns merely a right to flow land, this is not an estate liable to taxation.

A corporation, having a capital stock divided into shares, is not taxable for cash in its treasury.

PETITION for a writ of certiorari to quash the proceedings of the county commissioners of Bristol in abating a tax assessed by the petitioner in 1876 upon the Watuppa Reservoir Company. Hearing upon the petition and answer, before *Ames*, J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*M. Reed*, for the petitioner.

*J. M. Morton, Jr.*, for the respondents.

MORTON, J.  It appears from the return of the county commissioners that the tax in question was assessed upon a reservoir company, under the St. of 1872, *c.* 306, in the terms following: "Reservoir of water used to maintain a uniform supply of water for mill purposes, with the dam connected therewith, and the land under the same," and that this was the only tax assessed by the city of Fall River upon said reservoir company during the year 1876.  In *Cheshire* v. *County Commissioners*, 118 Mass. 386, it was held that this statute was unconstitutional and void. It necessarily follows that the tax in question was illegal.

The claim of the petitioner, that this tax may be upheld because the reservoir company was taxable for a part of its property, cannot be sustained.  One sufficient answer is, that it had no property which was liable to taxation.  It did not own the dam, nor any of the land covered by the pond.  The dam was

built at the outlet of the Watuppa ponds, which were great ponds, on the land of the Troy Cotton and Woollen Manufactory; and the only interest in any land which the reservoir company had was the right to flow the lands surrounding the ponds to a point two feet above the old dam. This is merely an easement in the land, which cannot be taxed independently. It forms part of the water-power which is taxed in connection with the mills, as enhancing their value.

The reservoir company, being a corporation having a capital stock divided into shares, was not liable to be taxed for the cash in its treasury, that being personal property which enters into the value of the shares. *Boston & Sandwich Glass Co.* v. *Boston,* 4 Met. 181.

For these reasons, without discussing others, we are of opinion that the decision of the commissioners abating the tax was cor rect.                                        *Petition dismissed.*