FLAX POND WATER COMPANY *vs.* CITY OF LYNN.

Suffolk.     January 30, 1888. — May 5, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Tax — Real Estate — Abatement — Easement — Cloud upon Title — Water Company.*

A water company acquired title in and to the waters of a pond, and to a permanent dam and sluiceway connected therewith, and took possession thereof. *Held,* that, even if the title was to an easement only, a tax was properly assessed to it for the dam and sluiceway as real estate, and that its sole remedy for any excess was by an application for an abatement.

BILL IN EQUITY, filed November 20, 1884, to remove a cloud from the plaintiff's title. The case was heard on the pleadings, before *C. Allen*, J., who reported it for the consideration of the full court, and was as follows.

On June 9, 1876, Stephen H. Tarbell and others conveyed to the plaintiff, by a deed duly recorded, " all our right, title, interest, and estate in and to the waters of Flax Pond, Sluice Pond, and all the tributaries to the same, and all the dams, sluices, and water-ways connected therewith, situated and being in the town of Lynn, county of Essex, and State of Massachusetts, meaning and intending hereby to convey unto the said

Flax Pond Water Company all the title to said waters, water rights, dams, and sluices, and all the waters flowing out of said Flax Pond through its natural channel or brook to the sea, which we derived through sundry intermediate conveyances from the grants of said waters made by the town of Lynn to one Edward Tomlins in the years 1633 and 1634, and also any and all rights to said water, water rights, dams, and sluices which we have acquired in any other way." Flax Pond is a natural pond, at the outlet of which, at the time the plaintiff acquired title, was a permanent dam some eight or nine rods long, built of stone, gravel, and earth, for mill purposes, and a permanent stone sluiceway, the length of which did not appear.

In the year 1876, and annually thereafter, a tax was assessed by the defendant's assessors to the plaintiff upon its interest in the pond and tributaries, describing it as real estate ; and in 1877, 1880, and 1882, the defendant's collector, by deeds duly recorded, sold and conveyed to the defendant, for the non-payment of such taxes assessed for the years 1876, 1879, and 1881, " the following described real estate, viz. a reservoir of water with the dams connected therewith and the land under the same, commonly known as Flax Pond," and " about fifty acres under Flax Pond." The plaintiff contended that the deeds to the defendant constituted a cloud upon its title, and on or about September 20, 1883, made a sufficient demand upon the defendant to release to it the apparent title so obtained from the collector, but the defendant refused so to do. The bill alleged that the plaintiff did not, by the deed to it of June 9, 1876, or by any subsequent purchase, acquire the title to any real estate, but only the right to the waters flowing into and from the ponds and tributaries, which had remained in the same condition as when purchased, and that it had made no erections thereon.

*C. S. Lincoln*, for the plaintiff.

*J. W. Berry*, for the defendant.

C. ALLEN, J. The plaintiff took its deed in 1876, covering all the grantor's right, title, and interest in and to the waters of the pond, and all the dams, sluices, and water-ways connected therewith. It is to be assumed that it took possession thereof, as it now claims under the deed, and seeks to remove a cloud from its title. Being in possession, the tax upon the dam was

properly assessed to the plaintiff as a tax upon real estate. If, as the plaintiff avers, it never acquired the title to any real estate connected with the waters of the pond, and does not claim the fee in any real estate connected with said waters, these facts are immaterial so far as the right of taxation is concerned. It is the policy of the legislation of the Commonwealth that all valuable property shall be taxable in some form. The exercise of the right to erect and maintain dams, sluiceways, and other structures upon the land of another, may involve a large expenditure of money for such structures, and clearly the valuable property thus created should be taxable to somebody. If taxable, it must be either in connection with the fee of the land or independently of it.

Without now considering the question whether a valuable easement in gross may not be taxable by itself alone, we are of opinion that the plaintiff in the present case had an interest which was taxable to it as real estate, or in connection with the fee of the land, under the provisions of the statutes. Real estate, for the purpose of taxation, includes all lands, and all buildings and other things erected on or affixed to the same. Pub. Sts. c. 11, § 3. Gen. Sts. c. 11, § 3. This language is clearly broad enough to include the dam and sluiceway, which are certainly " things erected on or affixed " to the land. *Pingree* v. *County Commissioners*, 102 Mass. 76, 79. Taxes on real estate may be assessed to the person who is either the owner or in possession thereof. Pub. Sts. c. 11, § 13. Gen. Sts. c. 11, § 13.

Assuming that the plaintiff's title was only to an easement, as the plaintiff contends, still one who is entitled to an easement of this character, including a right to maintain a permanent dam and sluiceway, and who is in the enjoyment of this right, and who asserts and seeks to vindicate the same, is to be deemed as in possession of the real estate for the purpose of taxation, within the meaning of the statute. It is true, that, in a certain sense, the owner of the fee may be said also to have a possession ; he might dig underneath the surface for mines, and do other acts not inconsistent with the right of the plaintiff. But the principal and practical possession of the surface of the land was with the plaintiff, and this was sufficient to fall within the meaning of

the statute as to taxation. As the value of the structures might far exceed the value of the fee subject to the easement, it is plain to see that it might be more proper and just to assess the tax to the plaintiff rather than to the owner of the fee of the soil, provided this was allowable under the statute. Being thus in possession, for the purposes mentioned, the plaintiff might properly be taxed for the dam and sluiceway as real estate, with the land itself. The assessors were not obliged to inquire into the details of the title, but might assess the whole value of the land thus occupied to the person maintaining and exercising such an easement, or to the owner of the soil. See *Milligan* v. *Drury*, 130 Mass. 428; *Flanders* v. *Cross*, 10 Cush. 514. The plaintiff was therefore properly assessed for the dam as real estate ; and being properly assessed for a certain interest in real estate, the plaintiff's sole remedy for any excess was by an application for an abatement. *Salmond* v. *Hanover*, 13 Allen, 119.

The plaintiff, however, contends that its right or interest was not subject to taxation, under the decisions in *Cheshire* v. *County Commissioners*, 118 Mass. 386, and *Fall River* v. *County Commissioners*, 125 Mass. 567. But neither of those decisions affects the question before us. In the first case, the St. of 1872, c. 306, relating to the taxation of reservoirs, was held to be void, on the ground that it provided a standard of valuation which was not proportional and reasonable. In the second case, the reservoir company did not own the dam, nor any of the land covered by the pond, and the decision was that the mere right to flow land could not be taxed independently.

Without considering other grounds of objection, the present bill in equity, for the reasons stated, cannot be maintained.

*Bill dismissed.*