## UNION COMPRESS COMPANY *v.* STATE.

Opinion delivered May 29, 1897.

TAXATION—WHAT CONSTITUTES REAL PROPERTY.—Buildings, machinery and fixtures situated on leased lands, and belonging to the lessee, are taxable as real property, under Sand. & H. Dig., § 6401, providing that "the term 'real property' and 'lands,' wherever used in this act, shall be held to mean and include not only the land itself, * * * but also all buildings, structures and improvements, and other fixtures of whatever kind thereon." (Page 138.)

Appeal from Miller Circuit Court in Chancery.

RUFUS D. HEARN, Judge.

*Morris M. Cohn*, for appellant. *Scott & Jones*, of counsel.

Corporations are required to pay taxes at the place of their domicile. Sand. & H. Dig., §§ 6461–3, 6724 to 6733; Burroughs, Taxation (1877), § 90, p. 186, *et seq.;* Cooley, Tax. (1876), p. 273. The taxes, if any, should be ascertained by a master in chancery, or competent testimony, and not by a so-called assessor. Sand. & H. Dig., § 6724; 40 Md. 483; 8 B. Mon. 536; 48 Am. Dec. 580, and note, etc.; 2 Daniel's Ch. Pr. ch. 29; 64 Cal. 102; Welty, Assessments, § 23; Black,

Tax Titles, § 42.  The property in question was personal property and should have been taxed at the domicile of the corporation.  It was only liable there.

*L. A. Byrne* and *E. B. Kinsworthy*, Attorney General, for appellee.

This is an action *in rem* to enforce a lien for taxes on specific property.  62 Ark. 188; Sand. & H. Dig., § 6724.  The property in this case was realty, and the fact that the corporation has paid taxes in Pulaski county does not even make a *prima facie* case of having paid taxes on this property.  But the proof shows this property was not assessed.  The property was duly assessed under authority of § 6727, Sand. & H. Dig., and on competent testimony had before the assessor.

BUNN, C. J.  This action was instituted in the Miller circuit court, in chancery, on the 13th day of May, 1895, by L. A. Byrne, by directions of the attorney general, under the provisions of section 6724, Sand. & H. Digest, for the recovery of back taxes alleged to be due and unpaid on appellant's building, machinery and fixtures, situate in the city of Texarkana, and for that purpose to have the same assessed according to law for the years for which said taxes were alleged not to have been paid.

The objections to the manner in which the assessor, under the orders of the court, made the assessment we think not well founded.  The assessor, in performing the functions, acts substantially as assessors ordinarily do (except, perhaps, he may be more frequently called upon to inquire into changes that will necessarily occur in so long a time), and not as a master in chancery ordinarily does.

The domicile of this compress company, which is a corporation, is in the City of Little Rock, Pulaski county, and the only question demanding our serious consideration is whether or not these buildings, machinery, and fixtures should be taxed in Miller or Pulaski county, seeing that the same are situated upon land belonging in fee to the St. Louis, Iron Mountain & Southern Railway Company, and were merely leased by it to the defendant company, for what period, and on what terms and conditions, the record does not disclose, but probably indefi-

nitely, dependent upon the particular use of the compress company.

If this property were purely movable personal property, it would be taxable in Pulaski county, the domicile of the corporation to which it belongs; but in the taxing sense we do not think it is to be classed as such personal property.

Section 6401, Sand. & H. Dig., reads thus: "The term 'real property' and 'lands,' wherever used in this act, shall be held to mean and include not only the land itself, whether laid out in town lots or otherwise, with all things thereon contained, but also all buildings, structures, improvements, and other fixtures of whatever kind thereon, and all rights and privileges belonging or in anywise appertaining thereto."

The buildings, machinery, and fixtures sought to be assessed and taxed are within the common-law definition of "fixtures;" but, as the fee in the soil is in one, and the ownership of the buildings, machinery, and fixtures thereon is in another, it is argued that the latter must be held to be, under the general rule, personal property. But we do not think it is, in the taxing sense.

In construing a statute almost, if not quite, identical with ours, above quoted, the New York court of appeals, in the case of *The People ex. rel. Dunkirk & Fredonia Railroad Company* v. *Assessors of the Town of Dunkirk*, 46 N. Y. 46, said: "We are not inclined to give to the terms of the statute a construction so narrow as that required by the position of the relators. That would be to hold that buildings and fixtures are not included in the term 'land,' except as inseparable, in the consideration of the ownership thereof, from the ownership of the fee; and that no right or interest in the land, less than the fee thereof, would, for the purpose of assessment, be deemed to fall within the meaning of 'land,' as set forth in the statute. The statute means, for its purpose, to make two general divisions of property,—one, all lands ; another, all personal estates; and then, to be more definite, it declares that by land is meant the earth itself, and also all buildings and all other articles erected upon or affixed to the same. We do not think that when buildings or other articles are erected upon or affixed to the earth, they are not, in view of the statute, land,

unless held and owned in connection with the ownership of the fee. We are of the opinion that the statute means that such an interest in real estate as will protect the erection, or affixing thereon, and the possession of buildings and fixtures, will bring these buildings and fixtures within the term 'lands,' and hold them to assessment as the lands of whomsoever has that interest in the real estate, and owns and possesses the buildings and fixtures.''

We think the foregoing from the New York court of appeals gives · the proper construction to our statute defining ''lands'' and ''real property'' for the purposes of taxation, which is not only identical with the New York statute, as stated, but which we have always understood was originally adopted by our legislature from the statutes of New York, thereby rendering the construction put upon it by her courts of more than ordinary weight. Besides, there are peculiar reasons to be found in our habits and customs which add to the propriety of that construction of the statute, but which it is unnecessary to give here.

The judgment and decree are affirmed.