# SUPREME COURT OF MISSISSIPPI,

#### ——— AT THE ———

## MARCH TERM, 1902.

80
f92

1
375

---

JAMES ARTHUR FOX, TAX COLLECTOR *v.* PEARL RIVER LUMBER COMPANY.

1. TAXATION. *Assessment. Growing trees. Real estate. Separate interest.* Code 1892, §§ 3753, 3759, 3774.

   While growing trees are real estate, yet they are subject to separate ownership; and where the soil belongs to one person, and the trees upon it to another, they may be separately assessed for taxation to their respective owners.

2. SAME. *Approval of assessment. Res adjudicata.* Code 1892, § 3787.

   Where the owner of trees, growing upon the land of another, returns them to the assessor for taxation, giving their value, the judgment of the board of supervisors approving the assessment, under code 1892, § 3787, defining the effect of such judgment, concludes the owner from disputing the validity of the assessment.

FROM the chancery court of Lawrence county.

HON. HENRY C. CONN, Chancellor.

The Pearl River Lumber Company, appellee, was the complainant in the court below. Fox, Tax Collector, appellant, was defendant there.

The facts are fully stated in the opinion of the court.

*A. E. Weathersby, John H. Arrington,* and *McWillie & Thompson,* for appellant.

Growing trees are subject to separate ownership from the soil on which they stand, and they are part and parcel of the real estate. *Harrell* v. *Miller,* 35 Miss., 700; *McKenzie* v. *Shows,* 70 Miss., 388. The Pearl River Lumber Company is shown by the record to have been the owner of $25,000 worth of standing timber in Lawrence county upon land, the fee simple title of which is in other parties.

We make two points as against the decree of the chancellor:

First, The appellee returned its trees to the assessor for taxation, fixing the value thereof. This assessment was approved by the board of supervisors at the proper time, and in the proper manner, and thereby the assessment became *res adjudicata,* and forever excluded the taxpayer, the Pearl River Lumber Company, from disputing its validity. Code 1892, § 3787.

Second, The assessment itself was correct and proper, and was properly entered on the land roll, since the trees standing and growing were real estate. Code 1892, § 3774.

It will be observed that the owners of the soil gave in the same to the assessor at its value, less the value of the standing trees. It will be further perceived that the Pearl River Lumber Company gave the trees in to the assessor at their value, adding nothing thereto for the value of the soil. This is, therefore, not a case of double assessment, but is a correct and proper assessment of several and distinct interests in the real estate. Authorities are not wanting to show that the trees are the subject of a separate assessment, and our statutes, §§ 3758 and 3774, require in such case that if there be more than one claimant, all of them should be named in the assessment roll, and that each owner should give in his land— that is, his interest in the land—at its intrinsic value. In New York it is held that distinct interest in the same parcel of land may be owned by several persons, and that where one person

owns the soil, and another the buildings thereon, they should be separately assessed. *People* v. *Brooklyn,* 93 N. Y., 308. And in Pennsylvania it is held that where the surface of land belongs to one owner, and the minerals thereunder belong to another, the respective interests should be assessed for taxation to each owner according to his interest, and according to the respective value of each interest, and it is further said that the owner of one interest cannot be charged with the whole tax. *Sanders* v. *Scranton,* 105 Penn. St., 469. In Massachusetts we find that a right to maintain a dam upon the land of another is taxable, and that it is properly assessed as real estate to the owner of the right. *Flax Pond Water Co.* v. *Lynn,* 147 Mass., 31. Unless the decree in this cause be erroneous, one thing is certain, and that is, that $25,000 worth of propery will escape taxation, and this result should be avoided if possible. The trees are not exempt from taxation. Liability to taxation is the general rule, exemption the exception, and exemption is not to be presumed or implied. *Frantz* v. *Dobson,* 64 Miss., 631; Cooley on Taxation, 146-152; *Railroad Co.* v. *Thomas,* 65 Miss., 553; *State* v. *Simmons,* 70 Miss., 485; Constitution of 1890, Sec. 90 (h); Ib., Sec. 112; Code 1892, § 3774.

*J. S. Sexton,* for appellee.

Land embraces not only the soil, but its natural products, growing upon and affixed to it. Such things are a part and parcel of the realty, and pass by a grant of the land. *Harrell* v. *Miller,* 35 Miss., 700; *McKenzie* v. *Shows,* 70 Miss., 388. It being an undisputed fact in this case that the land was assessed to parties other than the Pearl River Lumber Company, and that these other parties had paid the taxes thereon, it follows as a matter of fact that taxes have been paid on the standing timber growing on the lands so paid upon.

Even if the timber be taxable, it is apparent of record that the Pearl River Lumber Company is a joint stock corporation,

and its property can only be taxed in pursuance of Code
1892, § 3758, which prescribes that "the president, or other
officer of such a company, shall, on demand, or on or before
the first day of June of every year, deliver to the assessor of
the county in which the company or corporation is domiciled,
or located, a written statement, under oath, of the capital stock
paid in, and its market value, and to whom each share belongs."
*State* v. *Simmons,* 70 Miss., 485.   Section 486 of the code of
1880, which is practically identical with § 3758 of the code of
1892, was construed, and it was held that "under our statutes
a domestic corporation is taxed with the value of its capital
stock, and individuals are not taxed on the shares of such stock
held by them."   The trees could only have been assessed under
the statutes to the Pearl River Lumber Company at its domi-
cile, which domicile is not in Lawrence county, but in Lincoln
county.   Furthermore, it is charged in the bill, and of course
taken to be true on this hearing, that the complainant, the Pearl
River Lumber Company, was duly and legally assessed with
all property which should have been assessed to it for the year
1900, and had paid all the taxes due thereon, and also the
privilege tax required by law for said year.   This allegation
is not denied by the answer.   It necessarily follows that if the
Pearl River Lumber Company had paid all the taxes legally
assessed to it for the year 1900, no valid sale of its property for
taxes can be had.   It is too plain for argument that the timber
holdings of the lumber company add to the value of its capital
stock, and must be considered in the valuation of the same;
and as a matter of fact the valuation of the timber holdings
of this company constitute a very large proportion of the value
of its capital stock, and when the capital stock is assessed at its
proper value in Lincoln county, as has been done, there is no
room for re-assessing it in Lawrence county.   If it be so re-
assessed, it will be double taxation, which is not permissible.
The code of 1892, § 3772, provides that all lands shall be
assessed according to its intrinsic value, and if the assessor of

Lawrence county violated the law, and did not assess the land upon which the timber in controversy stood, at its just value, the Pearl River Lumber Company is not in fault because thereof.

Argued orally by *John H. Arrington* and *R. H. Thompson,* for appellant, and by *J. S. Sexton,* for appellee.

Terral, J., delivered the opinion of the court.

The appellee, the Pearl River Lumber Company, a Mississippi corporation, domiciled in Lincoln county, being the owner by purchase and conveyance of sundry large quantities of timber growing upon certain lands in Lawrence county, at the proper time in A.D. 1900, rendered to the assessor of Lawrence county a list of its property in said county subject to taxation, with the valuation thereof, and among the properties so owned by it and listed to the assessor as aforesaid, was the following: The timber growing upon certain lands therein described; and the said assessment so made by said company was duly entered upon the land assessment roll of Lawrence county for said year A.D. 1900, which assessment was in due process of law approved by the board of supervisors of Lawrence county. The taxes so assessed to the lumber company not being paid on or before the 15th day of January (§ 3811, Code 1892), the tax collector was about to proceed to collect the same by sale, when the lumber company enjoined their collection. The Pearl River Lumber Company, in its bill, alleges that it had paid its privilege tax, and all other taxes for which it was legally assessed; however, not defining whether the privilege tax paid by it was that of a sawmill, under sec. 71, ch. 5, laws 1898, or the privilege tax levied on each land timber mill company buying timber without the land on which it stands, under sec. 8, ch. 43, laws 1900, nor defining what composed the other *ad valorem* tax paid by it; but further avers that the assessment of the timber

interest in Lawrence county was illegal and void, because, as it says, it was not competent to assess said timber interest owned by it separate and apart from the land upon which the timber was growing, and because the lands themselves were assessed to the various owners thereof. It appears from the evidence that all the land upon which the growing timber of appellee is situated was assessed to the owners thereof, but at a value diminished by the value of the timber owned by the lumber company, and that the estate and interest of said lumber company in the timber growing upon said land with its value was entered upon the land assessment roll in conformity with the list and assessment furnished by said lumber company to the assessor. The motion of the tax collector to dissolve the injunction was overruled, and from the decree to that effect he appeals.

By the common law, trees are a part and parcel of the land upon which they are growing or standing, for the term "land" embraces not only the soil, but its natural productions; and trees growing or standing upon land are not distinguishable in their character of real estate from the soil itself, until they are actually severed from the soil. *Harrell* v. *Miller,* 35 Miss., 700 ('72 Am. Dec., 154); *Jones* v. *Flint,* 10 Adol. & E., 753; *McKenzie* v. *Shows,* 70 Miss., 388 (12 So., 336; 35 Am. St. Rep., 654). By the common law also, several sorts of estates or interests, joint or several, may exist in the same fee; as that one person may own the ground or soil, another the structures thereon, another the minerals beneath the surface, and still another the trees and wood growing thereon, etc.

The counsel for appellee, as we understand his contention, does not deny that the interest of appellee in the standing timber on the soil of another in Lawrence county is real estate, but that it is real estate assessable only to the owner of the ground or soil, and that the separate assessment of it to appellee by the assessor of Lawrence county is illegal and void. It is too plain for argument that by the common law as ad-

ministered in England, and in this state, the right and interest of appellee to the timber standing upon the lands of others in Lawrence county is an interest in real estate; and we see no reason why appellee's said interest, being worth, according to its own valuation, more than $25,000, should not be separately assessed to it as the owner thereof. Our revenue law requires land to be assessed to the owner (Code 1892, § 3753); that, if there be more than one claimant, they should all be named (§ 3774); that each owner should give in his land at its intrinsic value (§ 3759); and, as each owner lists and values his own property, it reasonably follows that his separate interest, whatever it be, should be separately assessed. Such assessments are held valid in other jurisdictions. In New York it is held that distinct interests may be owned by several persons in the same parcel of land, as one may own the soil and another the buildings thereon, and that the buildings are assessable as real estate. *People* v. *Board of Assessors of City of Brooklyn,* 93 N. Y., 308. In Pennsylvania it is said, where the surface of lands and the minerals thereunder have been severed by conveyance, and the respective interests have become vested in different owners, taxes should be levied upon each owner according to his interest only, and one cannot be charged with the whole tax. *Sanderson* v. *City of Scranton,* 105 Pa., 469. In Massachusetts it is held that a right to maintain a dam upon the land of another is properly assessable as real estate. *Water Co.* v. *Lynn,* 147 Mass., 31 (16 N. E., 742).

The Pearl River Lumber Company can have no remedy by injunction for another reason. Of its own accord it rendered to the assessor of Lawrence county a list of lands in said county, upon which it claimed by conveyance the timber growing thereon, with its valuation of said timber interests; and said assessment of said timber was duly entered by the assessor upon the land assessment roll of Lawrence county, and said assessment roll was duly approved by the board of supervisors of said county; wherefore the said assessment of the appellee,

by the express declaration of § 3787, code 1892, became final and conclusive against appellee. It cannot thereafter be heard to question the validity of the assessment. Under § 3799 certain assessments might be corrected by application to the board of supervisors, but that subject does not fall under our present inquiry.

Upon the case made by the record we think the court erred in not dissolving the injunction, wherefore the decree below is reversed, the injunction dissolved, and the case

*Remanded.*