[No. 17867.   Department One.   July 19, 1923.]

COLUMBIA RIVER DOOR COMPANY, *Appellant*, v. COWLITZ
COUNTY, *Respondent*.[1]

TAXATION   (18)—ASSESSMENT—OWNERSHIP OF PROPERTY—PRE-
SUMPTIONS. The presumption is that personal property was assessed
for taxation to the true owner at the time of the assessment, and a
purchaser from the owner to whom it was assessed cannot defeat
the tax as assessed to the wrong party, in the absence of any proof
as to when the purchase was made.

SAME (57)—ASSESSMENT—MODE OF ASSESSMENT—NATURE OF PROP-
ERTY. Under Rem. Comp. Stat., § 11141, requiring every owner of a
manufacturing plant to list as personal property all machinery,
except fixtures that have been considered as part of the real estate,
mill machinery in a saw mill is properly listed as personal property,
where no notice was given to the assessor that it was part of the
real estate, especially where there was no claim of double assessment
and the rate was the same on personal and real property.

SAME (60)—VALUATION—PERSONAL PROPERTY. Evidence that mill
machinery was insured for $60,000 and that it was worth $50,000 to
$75,000, sustains an assessment for taxation at the valuation of
$75,000.

Appeal from a judgment of the superior court for·
Cowlitz county, Kirby, J., entered September 11, 1922,
upon findings in favor of the defendant, in an action
to cancel a tax, tried to the court.   Affirmed.

*J. E. Stone*, for appellant.

HOLCOMB, J.—In this action appellant sued to cancel
a tax levied by respondent, and tendered the sum of
$80.65 as being the amount it was lawfully and justly
liable to pay, upon certain personal property owned
by it, for the year 1921, at the rate of taxation existing
in that county in the various taxing districts.

It was alleged that the total value of the personal
property owned by appellant at the time the assess-

[1]Reported in 216 Pac. 875.

ment was made was $2,593.16, upon fifty per cent of which the tax was lawfully due. The assessor had made the assessment upon the entire personal property, including engines, boilers and other machinery and implements in and about a certain sawmill owned by appellant, as of the value of $75,000, fifty per cent of which was $37,500. Of the $75,000, it was shown that twelve thousand or fifteen thousand dollars consisted of lumber.

The property was assessed to the Kalama Lumber & Shingle Company. The complaint alleged, and respondent admitted, that the property was owned by the Columbia River Door Company, a corporation, this appellant.

At the trial the court found that the value of all of the real and personal property assessed to the owner of the property was the sum of $52,500, on fifty per cent of which taxes were legally due and payable, and reduced the amount of taxes to be paid by appellant to that basis.

Respondent deserves to lose this case by reason of the fact that it has given no assistance in investigating the questions of fact and of law raised by appellant, which, at first, appeared should be sustained.

A reading of the record, however, shows that the property, a sawmill, had previously been owned by the Kalama Lumber & Shingle Company. In 1921 the detailed assessment listing for the property was given to a deputy assessor by a Mr. Plue, who testified that he was president and manager of appellant. His company had purchased the property in question, as he said, through the state bank examiner, by purchasing claims against the Kalama Lumber & Shingle Company. When this purchase was made does not appear. Since appellant, by its act, became possessed of the

property, it is to be presumed that the property was assessed to the true owner at the time of the assessment.

The contention that the tax is void because the property was not taxed in the name of the owner is therefore untenable.   The situation is not the same as in the cases of *Sloan Shipyards Corp. v. Thurston County,* 111 Wash. 361, 190 Pac. 1015, and *Lewis v. Bishop,* 19 Wash. 312, 53 Pac. 165.

The next contention is that the machinery constituted a part of the improvement upon the land assessed to the taxpayer, and was only assessable as such, and for that reason the assessment should be set aside.

The statute, § 11141, Rem. Comp. Stat. [P. C. § 6911], provides:

"Every person who purchases, receives or holds personal property of any description for the purpose of adding to the value thereof by any process of manufacturing, refining, rectifying, . . . shall be held to be a manufacturer, and he shall, when required to, make and deliver to the assessor a statement of the amount of his other personal property subject to taxes, also include in his statement the value of all articles purchased, received or otherwise held for the purpose of being used in whole or in part in any process or processes of manufacturing, combining, rectifying or refining. Every person owning a manufacturing establishment of any kind and every manufacturer shall list as part of his manufacturer's stock the value of all engines and machinery of every description used or designed to be used in any process of refining or manufacturing except such fixtures as have been considered as part of any parcel of real property including all tools and implements of every kind, use or design to be used for the aforesaid purpose."

Under the above section, the machinery of appellant was required to be included in the assessment of personal property, regardless of the fact that it was at-

tached to the real estate as contended by appellant, "except such fixtures as have been considered as a part of any parcel of real property, etc."

The machinery was all located in the mill building of appellant at Kalama.   There is no contention that there was any double assessment, and that the property had been taxed as real property, and the tax therefore chargeable against appellant as such.   If that had been true it was easy to have shown it, and it was easy to have given notice to the assessor at the time of the assessment and claimed it as real property. This was not done.   Since there was no claim or showing of double assessment, it is immaterial whether the property was assessed as real or personal property, so long as the valuation and rate of taxation is the same, and that, so far as the record in this case shows, was true.   There was, therefore, no error in assessing the machinery as personal property of appellant.

The next contention is that the valuation fixed by the court is not sustained by the evidence.   The record shows that the valuation fixed by the court was well within the evidence.   The president and manager of appellant himself testified that the appellant had insurance upon the property in question to the extent of sixty thousand dollars.   That is some evidence, and witnesses testified giving the value of the mill and machinery alone at from $50,000 to $75,000.

The last contention is that the court was without authority to enter judgment assessing this tax against this land.   There is no merit in this contention.

From our examination of the statute controlling, and the facts involved, it is our opinion that the judgment was right and should be affirmed.

Affirmed.

MAIN, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.