[No. 21332.   Department Two.   January 17, 1929.]

GEORGE TURNER, *Appellant,* v. SPOKANE COUNTY, *et al.,*
*Respondents.*[1]

*Turner, Nuzum & Nuzum,* for appellant.

*Chas. W. Greenough* and *A. O. Colburn,* for respondents.

MAIN, J.—Plaintiff brought this action to restrain the collection of a tax assessed against certain property owned by him. The cause was tried to the court, without a jury, and resulted in findings of fact and con-

[1]Reported in 273 Pac. 959.

clusions of law and a judgment dismissing the action, from which the plaintiff appeals.

The facts are not in serious dispute, and the essential facts may be stated as follows: The appellant is the owner of an opera house and the ground upon which it is located in the city of Spokane. The opera house was constructed in 1906 and was equipped with chairs. In 1923 the chairs which had been in use up to that time were discarded, and new chairs were installed which had been manufactured specially for the particular building and when put in place were either screwed or bolted to the floor.

In 1925, when the assessing officer visited the appellant for the purpose of listing his property for taxation, a conversation took place between them as to whether the opera chairs should be assessed as personal property or be included in the real estate assessment. The appellant, after expressing some doubt upon the question, signed the listing for that year.

In 1926, when the assessing officer again visited him, he declined to sign the listing of the opera chairs as personal property, and they were listed as such by the officer. It was the general practice of the assessor's office in Spokane county to list all opera chairs as personal property, and the chairs in the theater owned by the appellant had for many years been assessed in that manner and the tax had been paid.

For the assessments made during the years 1925 and 1926, the appellant declined to pay the taxes, because, as he claimed, the opera chairs should be included in the real estate assessment and were not subject to be assessed for taxation as personal property. This action was brought to restrain the collection of the tax levied upon the opera chairs for those years.

The first question is whether the opera chairs should have been assessed as a part of the realty or as

personal property. Rem. Comp. Stat., § 11098, provides:

"Real property for the purposes of taxation shall be construed to include the land itself, whether laid out in town lots or otherwise, and all buildings, structures and improvements, or other fixtures of whatsoever kind thereon, . . ."

It will be noticed that this section provides that real property for the purposes of taxation shall be construed to include all buildings, structures or improvements thereon, "or other fixtures of whatsoever kind."

In *Filley v. Christopher*, 39 Wash. 22, 80 Pac. 834, 109 Am. St. 853, it was held that opera chairs, in a theater, screwed to the floor were fixtures and therefore a part of the realty. Applying the rule of that case to the facts of the case now before us, it must be held that the opera chairs in question had lost their character of personal property, and by reason of their attachment or connection with the real property had become a part thereof and should have been assessed as such.

The next question is, What was the effect of assessing the opera chairs as personal property when they should have been included in the real estate assessment?

In *Doe v. Tenino Coal & Iron Co.*, 43 Wash. 523, 86 Pac. 938, engines, boilers and other equipment of a coal mine were assessed as personal property when under the law they should have been assessed as a part of the real estate. One of the questions in that case was, What was the effect of assessing the property as personal property when it should have been assessed as realty? and it was held that the assessment was null and void. It was there said:

"The various questions raised in the briefs with reference to the regularity and validity of the sale of

this property by the county treasurer need not be considered by us in view of the conclusion which we have reached as to the character of this property for taxation purposes. It had all been used, or was for use, in connection with the operation of the coal mines, and constituted improvements upon the real estate embracing said mines, and was assessable as real estate under our revenue statutes. Bal. Code, §§ 1656, 1698 (P. C. §§ 8592, 8634); *Eureka etc., Min. Co. v. Ferry Co.*, 28 Wash. 250, 68 Pac. 727; *People ex rel. Dunkirk etc. R. Co. v. Cassity*, 46 N. Y. 46; *People ex rel. Nat. Starch Mfg. Co. v. Waldron*, 26 N. Y. App. Div. 527, 50 N. Y. Supp. 523; *Pennsylvania R. Co. v. Pittsburg*, 104 Pa. St. 522; *In re Des Moines Water Co.*, 48 Iowa 324; *Oskaloosa Water Co. v. Board of Education*, 84 Iowa 407, 51 N. W. 18; *Paris v. Norway Water Co.*, 85 Me. 330, 27 Atl. 143, 35 Am. St. 371; *Union Compress Co. v. State*, 64 Ark. 136, 41 S. W. 52. If there were certain items of this property that could properly have been assessed as personal property, yet, under the rules laid down in the *Eureka* case, the value of these portions was so inconsiderable when compared with that of the entire property that it was not necessary to assess them as personalty. The sale of the entire property as personalty to satisfy a personal property tax levied against it was null and void."

In principle that case is exactly like the one now before us, and, following the rule there stated, it must be held that the assessment against the opera chairs as personal property, when they should have been assessed as a part of the realty, was null and void.

The next question is whether the appellant is estopped from claiming that the 1925 tax is void because he signed the listing for that year.

The rule sustained by the decided weight of authority is that, where the facts are equally known to both parties, the expression of an opinion upon a question of law does not work an estoppel. 21 C. J. p. 1125, § 28; *Holcomb v. Boynton*, 151 Ill. 294, 37 N. E. 1031; *McKeen v. Naughton*, 88 Cal. 462, 26 Pac. 354; *Whit-*

*well v. Winslow,* 134 Mass. 343; *Chicago & N. W. R. Co. v. Auditor General,* 53 Mich. 79, 18 N. W. 586; *Mining Co. v. Juab County,* 22 Utah 395, 62 Pac. 1024.

The case of *Allen v. Spokane,* 108 Wash. 407, 184 Pac. 312, is in accord with the rule stated. That case, it is true, relates to local improvement assessments and not to general taxes but the principle so far as it relates to the matter of estoppel is the same.

In the present case, the facts with reference to the opera chairs were as well known to the assessing officer as they were to the appellant. There was no misleading or overreaching. The fact that the appellant signed the listing for the year 1925, after having expressed a doubt as to whether the property in question could be assessed as personal property, does not work an estoppel against the right to now question the legality of the tax.

The respondents say that, since the opera chairs were not included in the real estate assessment, there has been no double taxation and the appellant therefore has no right to complain.

In this connection the case of *Columbia River Door Co. v. Cowlitz County,* 125 Wash. 603, 216 Pac. 875, is relied upon. What is said in that case, however, must be limited to the facts then before the court. If it be given the construction contended for by the respondents, then it overrules the case of *Doe v. Tenino Coal & Iron Co., supra,* without mentioning it, and disregards the statutory requirements as to the manner in which property shall be assessed. It was obviously not the intention of the court in that case to do either of these things.

It follows that, since the assessment against the opera chairs as personal property, when under the law they should have been assessed as realty, was

illegal and void, the appellant is entitled to the injunctive relief which he sought.

The judgment will be reversed and the cause remanded with direction to the superior court to enter a judgment as herein indicated.

FULLERTON, FRENCH, and PARKER, JJ., concur.