**KAPSEMALIS v. DOUGLAS et al.**

No. 22457. Sept. 29, 1936.

R. K. Robertson, for plaintiff in error.

John L. Maynard, J. F. Greason, and John R. Miller, for defendants in error.

PER CURIAM. In district court of Creek county, Okla., defendants in error, Alice M. Douglas and Irene Taylor, as mortgagees in real estate mortgage executed on November 24, 1925, by George Kanavuts, James Zartaludes, Constantine Haniotis, and George Haniotis on certain real estate in Sapulpa, with all the improvements and appurtenances belonging to said real estate, sought a foreclosure of said real estate mortgage lien against the makers of the note secured by said mortgage, also against plaintiff in error, Thomas Kapsemalis. Kapsemalis answered by a general denial and also claimed a lien superior and prior to that of defendants in error on a two-thirds interest in one pipe organ, all opera seats, all stage equipment and scenery, pianos, electric fixtures, electric sign, electric fans, gas fixtures, water fixtures, generators, motion picture machines, ticket office equipment, furniture in ticket office and waiting rooms, and all other equipment and fixtures and supplies of every kind and description now being used in the conduct and operation of the Victorian Theatre, said Victorian Theatre being situated upon said real estate covered by mortgage of defendants in error, by virtue of a chattel mortgage dated March 3, 1927, and filed in the office of the county clerk on March 24, 1927. Kapsemalis also claimed that said chattel mortgage was made to him to refinance other loans than on said property before it was placed in the building, and that said property was not covered by the mortgage of defendants in error, because it was under lien of mortgage at the time said personal property was purchased and placed in said building.

Intervening plaintiff in error, D. N. Pappageorge, claimed a first, prior, and superior lien to the lien of defendants in error on certain personal property, to wit:

"One '2nda' Pacent Reproducer System, complete Serial Number 377, with all attachments for talking picture purposes now located in Victorian Theatre 10 South Water Street, Sapulpa, Okla. This mortgage includes and is intended to cover one fil, puckup attachment for talking purposes not yet installed,"

—by virtue of a chattel mortgage filed for record on April 23, 1929, in office of county clerk of Creek county, alleging that the lien of said chattel mortgage on said personal property was placed upon said property before its installation in said Victorian Theatre.

R. E. Stephenson was also one of the defendants in said suit, and mortgage foreclosure was sought by defendants in error against him. Said Stephenson, in his separate answer, claimed the ownership of a one-third interest in the property on which defendants in error sought a foreclosure, at all times since on or about the 1st day of September, 1929, and asked that he have judgment against defendants George Kanavuts and James Zartaludes for $1,000 for rentals.

The trial court rendered and entered judgment against plaintiff in error, intervening plaintiff in error, R. E. Stephenson, and other defendants in the trial court, foreclosing the

lien of defendants in error on said real estate for the full amount sued for by defendants in error, and directing that said real estate, with the improvements, appurtenances and fixtures belonging to the same, be sold and such proceeds be applied first to the payment to defendants in error, thus denying the claims of priority of plaintiff in error and intervening plaintiff in error on the personal property set forth in their respective pleadings.

Plaintiff in error and intervening plaintiff in error, and also R. E. Stephenson, filed motions for new trial, which were overruled and exceptions taken. R. E. Stephenson has not appealed.

The plaintiff in error and intervening plaintiff in error have each presented assignments of error complaining of the action of the trial court in refusing a foreclosure of the mortgage upon the personal property set forth in his cross-petition.

As to the rights of plaintiff in error to a lien on the chairs shown by the uncontroverted testimony to have been covered by the conditional sales contract filed in the office of the county clerk of Creek county on the 1st day of August, 1923, the conditional sale contract was on record and covered said chairs at the time said real estate mortgage of defendants in error was executed, was still on file unreleased at the time the amount owing for the chairs was paid off with money borrowed from plaintiff in error, and was unreleased at the time of the filing of the chattel mortgage executed to plaintiff in error by the owner of the chairs on March 24, 1927. The record does not show that a release of said conditional sale contract was ever filed. The trial judge, in his findings, held that as between the vendor and vendee of said seats, the status was fixed by the conditional sale contract, and that said status would continue as between the vendor and vendee and assignees until the purchase price was paid. He based his finding against plaintiff in error, Kapsemalis, on the fact that the loan made by plaintiff in error to the original purchaser of the seats, one Kanavuts, was a separate transaction from the purchase of the seats. Therefore, plaintiff in error could not obtain subrogation.

The findings of the trial court that the chairs were a part of the realty and the lien of the real estate mortgage of defendants in error attached to the same as against plaintiff in error, Kapsemalis, were supported by the evidence, and cannot be said to be contrary to the clear preponderance of the evidence.

Under the holdings of this court in Great Western Mfg. Co. v. Bathgate, 15 Ok'a. 87, 79 P. 903; Seminole Supply Co. v. Seminole Refining Co., 173 Okla. 32, 45 P. (2d) 1084; and Potts v. Biggs & Co., 176 Okla. 96, 54 P. (2d) 341, the judgment against intervener Kapsemalis should be, and is, affirmed.

Intervening plaintiff in error Pappageorge furnished all the consideration for the purchase of the talking picture personal property above mentioned, and was given a duly and legally executed chattel mortgage on same for his security. The clear weight of the evidence showed that there was no intention that such personal property should become part of the realty. Defendants in error parted with nothing on account of purchase of said personal property. They are in no position to complain of the execution of said chattel mortgage or to dispute the rights of Pappageorge thereunder. The decision of the trial court against Pappageorge was error.

The fact that said chattel mortgage was not filed at the time the personal property covered by the same was first used in the theatre is immaterial. Defendants in error are not creditors or subsequent purchasers or incumbrancers as provided in section 11277, O. S. 1931 (sec. 7650, C. O. S. 1921).

The chattel mortgage executed by Kanavuts to intervening plaintiff in error Pappageorge provided that the said Kanavuts should not cause or permit the personal property described in said chattel mortgage to become subject to any lien or incumbrance of any kind than said chattel mortgage without the written consent of said Pappageorge. It is clear that the personal property covered by the chattel mortgage to Pappageorge could be removed without substantial damage to the building in which it was situated.

Therefore, it is our duty to reverse the judgment of the trial court as to intervening plaintiff in error Pappageorge in accordance with rule announced in Long v. Anderson, 77 Okla. 95, 186 P. 944, and numerous other decisions of this court.

The judgment of the trial court as to plaintiff in error Kapsemalis is affirmed.

The judgment of the trial court as to intervening plaintiff in error Pappageorge is reversed, and this cause is remanded to the district court of Creek county, with directions to enter judgment in favor of Pappageorge foreclosing as a first lien against

all parties the lien on personal property described in chattel mortgage in his favor of April 23, 1929.

The costs of Pappageorge in this court are taxed to defendants in error.

The Supreme Court acknowledges the aid of Attorneys H. L. Stuart, A. E. Pearson, and John H. Vossbrink in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Stuart and approved by Mr. Pearson and Mr. Vossbrink, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.