TAYLOR v. WILLIBEY, Sheriff, et al.

No. 33530. Dec. 6, 1949.

*212 P. 2d 453.*

E. F. Maley, of Okmulgee, for plaintiff in error.

G. B. Coryell, Co. Atty., Creek County, of Sapulpa, S. A. Denyer, Asst. Co. Atty., of Drumright, and Wm. Cheatham, Asst. Co. Atty., of Bristow, for defendants in error.

CORN, J. Plaintiff alleged ownership of the property and that taxes had been assessed and paid upon the seats as part of the realty; that for a number of years the assessor had purported to place the seats upon the tax rolls and assess them as personalty, when in fact the seats were affixed to the realty and included as a part thereof; that the purported assessments were illegal and void and should be canceled and that unless enjoined defendants would seize and sell plaintiff's property, and that she was without an adequate remedy at law. A temporary restraining order was entered.

Defendants' demurrer to the petition was overruled, and defendants filed answer denying that any taxes had been paid upon the seats, and alleging that subsequent to 1937 the seats had been assessed as personalty and notice given plaintiff; that she never attempted to have the seats assessed as realty until 1947, and that theretofore no taxes had been paid thereon as real or personal property. Defendants then asked judgment requiring plaintiff to pay the taxes as assessed.

Plaintiff replied by general denial, and specifically denied having rendered the seats for taxation as personalty, and further alleged that the seats at all times were real property within the provisions of the statute, hereinafter quoted.

The sole question in this case is whether the said seats were assessable as personal property, as it was stipulated by the parties that the tax warrant in question was issued for the purpose of collecting personal taxes assessed against the seats.

Plaintiff's evidence established that the seats were permanently attached to the floor of the building with bolts and had been since about 1931. It further appeared that this property had been the subject of litigation at an earlier date in a certain mortgage foreclosure, wherein, on an appeal to this court, we held that the chairs in question were a part of the realty, covered by the real estate mortgage and superior to the lien of a subsequently executed chattel mortgage on such chairs. See Kapsemalis v. Douglas et al., 177 Okla. 522, 61 P. 2d 211.

Defendants introduced evidence to show that in 1932-33, plaintiff's mother had assessed these seats as personal property. In 1937 plaintiff's husband rendered a personal property assessment showing other theater equipment valued at $500.

Upon the issues presented the trial court rendered judgment holding that taxes had been assessed for the years mentioned; that all real property taxes had been paid; that the personal property for 1937-1941 was legally assessed and validly charged against the seats as personal property; that the taxes levied for the years 1942-46 were illegal, and rendered judgment accordingly.

The plaintiff contends that the trial court erred in holding her liable for personal property taxes upon these seats for the years 1937-1941, inclusive, and that the court should have decreed cancellation of all the purported personal taxes for the years mentioned.

60 O.S. 1941 §7 provides as follows:

"A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines or shrubs, or imbedded in it, as in the case of walls or permanently resting upon it, as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws. R.L. 1910, §6592."

In considering related questions arising out of the construction to be given the foregoing section, we have held that chattels which may become fixtures are not confined to those affixed to the land by specific materials named in the statute. Gray v. Prudential Ins. Co. of America, 182 Okla. 342, 77 P. 2d 564. And, in determination of the question we have held consistently that the applicability and the intention of the party making the annexation to make a permanent accession to the freehold must be considered. Gray v. Prudential Ins. Co. of America, supra; Mortgage Bond Co. v. Stephens, 181 Okla. 419, 74 P. 2d 361; Seminole Supply Co. v. Seminole Refg. Co., 173 Okla. 32, 45 P. 2d 1084, and cases therein cited.

While arising out of different circumstances, still it should be borne in mind that the very chairs which are the subject of this litigation once heretofore have been decreed to be a part of the realty in question, and such holding is most persuasive herein.

We are cited to three cases wherein this precise question has been considered. See In re Albanese et al. (D. C.) 44 F. 2d 602; New York Life Ins. Co. v. Allison, 2 Cir., 107 Fed. 179; Turner v. Spokane County et al., 150 Wash. 524, 273 P. 959. In the latter case it was held:

"Opera chairs in theater screwed to floor lost their character of personal property, and by reason of their attachment or connection with real property became part thereof, and should have been assessed as such. . ."

And, in Re Albanese et al., supra, it was pointed out that a theater is a permanent structure and would be incomplete without such seating capacity. The evidence shows these seats have remained attached to the floor since September 29, 1936, the date of the

opinion in Kapsemalis v. Douglas et al., supra.

We necessarily conclude that the theater seats in question were a part of the realty, and as such were not assessable as personal property, and the trial court erred in so holding.

This being an equity case we will review the entire record on appeal, and direct the entry of such judgment as should have been rendered in the first instance. City of Tulsa et al. v. Chamblee et al., 188 Okla. 94, 106 P. 2d 796.

The judgment is reversed, with directions to the trial court to recall the tax warrant and to cancel the personal property taxes.

DAVISON, C.J., and WELCH, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.