Fred K. HEATH, Appellant,

v.

Alice Virginia Bennett WREN, John Mason Beard and Roy C. Lytle, Co-Executors of the Estate of Mary Bennett Sadler, Deceased, Celia Katz, and Shirley Moore Jones, and Cooper Foundation, a corporation, M. J. W., Inc., a corporation, and Ethel Schonwald, and the Prudential Insurance Company of America, Appellees.

No. 9483.
United States Court of Appeals
Tenth Circuit.
May 20, 1968.

Herbert M. Boyle, Denver, Colo., for appellant.

James C. Chandler, Oklahoma City, Okl. (Roy C. Lytle, Oklahoma City, Okl., on the brief), for appellees.

Before MARVIN JONES*, Judge, Court of Claims, and LEWIS and BREITENSTEIN, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

This appeal reaches us as an offshoot of primary litigation instituted by appellees as the owners and lessors of certain motion picture theater property located in Oklahoma City against a lessee, Cooper Foundation, and its assignee, M. J. W. Theatrical Enterprises, Inc. By judgment entered May 26, 1966, in the main case, the trial court held that Cooper Foundation had assigned its lease rights in good faith and thus was relieved of any further obligation to appellees by the terms of its lease; that M. J. W. Theatrical Engineering had taken such assignment in bad faith without intent to comply with its obligations and had immediately and completely defaulted; and the court rendered judgment accordingly ordering, among other things, the restoration of possession and control of the premises to appellees.

During pendency of the main case M. J. W. Theatrical Engineering assigned and sold all its rights to others including sale of the personal property contained within the theater to one Dwain Esper. Esper, active in the affairs of M. J. W. but whose exact legal relationship to the company is vague, sold his interests in the personal properties to appellant after judgment in the main case. Appellant then sought and was granted leave to intervene in the case [1] claiming ownership to all personal property in the theater including the seats, screen, sound equipment, curtain and other specific items of similar nature. The trial court held that these items were fixtures and that appellant had obtained no interest in them by his purchase either under the terms of the lease [2] or under the law of Oklahoma.

Although the strain of bad faith and unorthodox conduct that permeates this case [3] has diverted the parties into the complexities of several legal concepts and arguments we find ample support for the judgment of the trial court upon a more basic premise. The record clearly shows that each of the items of theatrical property now in dispute was firmly attached to the theater building and thus became part of the building itself. The applicable Oklahoma statute, 60 O.S.A. § 7 provides in pertinent part that a "thing is deemed to be affixed to land" when it is "permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws." An exception to the compulsion of this statute is made for trade fixtures, 60 O.S.A. § 334, but the Supreme Court of Oklahoma has specifically held that theater seats are part of the realty. Taylor v. Willibey, 202 Okl. 254, 212 P.2d 453; Kapsemalis v. Douglas, 177 Okl. 522, 61 P.2d 211. Under these circumstances the judgment of the trial court is neither clearly erroneous in fact nor contrary to the established law of Oklahoma.

Affirmed.

---

* Sitting by designation.

1. The property was then in receivership and the rights of an earlier intervenor, Prudential Insurance Company, had not been determined.

2. The building itself had been built by the original lessee. The lease contained no provision that the lessee could remove any property at the termination of the lease but did provide that:

   "All buildings on said premises at the expiration of this lease, on the 31st day of May, 2018, shall be and belong to the Lessor, without compensation therefor beyond the use of such premises under this lease for said term of ninety-nine (99) years."

3. Esper testified that his intent in participating in the obtaining of the M. J. W. lease was solely for purpose of "getting his money back" for an earlier loss incurred with the company. Appellant testified that he knew "he was buying a lawsuit" with the hope of making some money.