THOMAS P. PINGREE *vs.* COUNTY COMMISSIONERS OF BERK-
SHIRE.

The list furnished by a landowner to the assessors described his estate as consisting of three parcels, but gave the number of acres in one of them only. The assessors estimated the whole estate as containing sixty-five acres. On an application to the county commissioners for an abatement, it was agreed that the estate in fact contained "about fifty-five acres, more or less." *Held*, that he was not thereby entitled to an abatement.

The valuation for taxation of land and the structures thereon should be made not subject to the use to which they are for the time appropriated, nor independently of that use; and therefore a reservoir dam and land which it covers with water are liable to be taxed, although, independently of their use as a reservoir in connection with mills, and while the land is so flowed, they are only of nominal value.

PETITION for a writ of *certiorari* to quash proceedings of the respondents in refusing to abate a tax laid by the assessors of Windsor on real estate of the petitioner situated in that town. The application to the respondents for an abatement was heard on facts agreed by the petitioner and the assessors substantially as follows:

Certain millowners in Dalton and Pittsfield, desiring to obtain an additional supply of water for the use of their respective

mills in times of drought and low water, bought, and caused to be conveyed to the petitioner as trustee, land in Windsor, covering an area of about fifty-five acres, more or less; built a stone dam on the land; and created a reservoir pond, covering about twenty-seven acres of the land besides about fifty acres of land in Hinsdale which had also been bought and conveyed by them to the petitioner. The pond was on the same stream on which were situated the mills above mentioned, was used solely as a reservoir for said mills, and afforded about thirty-five days' supply of water for them.

The price paid for the land in Windsor was $2531, and the cost of constructing the dam was about $33,770. The dam, independent of its use for the purposes of a reservoir, was of nominal value, but for the purposes designed was of great value; the land flowed by the dam was worth, before it was flowed, the price paid for it, but while covered by water was of only nominal value, considered merely as land without regard to reservoir purposes.

The petitioner filed with the assessors a sworn list of the land in Windsor held by him as trustee as aforesaid; describing it as consisting of three parcels, the first as containing forty-one acres, and the second and third as wholly covered by the water set back by the dam, but not stating the number of acres in the two latter parcels. The assessors assessed a tax to the petitioner on " Reservoir Dam and Land, 65 acres; $15,000 aggregate value." The petitioner asked for an abatement on the ground of over-estimate in the number of acres and also in the valuation of the land and structures, but the assessors refused to grant it.

On these agreed facts the respondents held that the petitioner was not entitled to an abatement, whereupon he filed this petition.

The question whether the writ of *certiorari* ought to issue was reserved by *Chapman*, C. J., for the determination of the full court.

*T. P. Pingree & J. M. Barker*, for the petitioner.
*M. Wilcox*, for the respondents.

WELLS, J.*    The petitioner was liable to be taxed in Windsor for his land lying within that town and structures upon it.    He asks for an abatement on the ground of overestimate in two respects ; 1st, in the number of acres of land ; 2d, in the valuation of land and structures.

1. As to the overestimate in the number of acres, it appears that the list, filed by the petitioner, gave the amount of land in one parcel as forty-one acres, but failed to give the number of acres in two other parcels which were entirely flowed by the pond.    The assessors called the whole sixty-five acres.    The agreed facts state the quantity of land as follows: " An area of about fifty-five acres, more or less."    We do not think this makes out a case for the petitioner to have an abatement on that ground.

2. The valuation by the assessors was for dam and land, sixty-five acres, $15,000, aggregate value.    The land cost $2531, and the dam $33,770.    About half of the land is covered by the pond.    The agreed facts state that the land " while covered by water," and the dam " independent of its use for the purposes of a reservoir," are of only nominal value.    Upon this statement, the petitioner contends that any valuation and tax upon the land so covered and the dam so used must necessarily be made and levied upon the water power.    The case of *Boston Manufacturing Co.* v. *Newton*, 22 Pick. 22, decides that water power is taxable only as incident to land ; and that, when used, it is to be regarded as incident to the mills to which it is applied, and not to the dam and pond by which it is created.    But it does not decide that the land and structures, by which it is created are not taxable for their value as such.

The decision in *Lowell* v. *County Commissioners*, 6 Allen, 131, is, that canals, used for supplying water power to mills, and " land adjoining and bordering on the canal, with gate-houses, feeders and mason work," may be taxed upon an estimate which includes the value of unappropriated water power.    So far as the opinion in that case implies that the land and structures occupied for canal purposes might not be taxable at all, if the

---

* COLT, J., did not sit in this case.

estimates for the taxes upon the mills had included so large a valuation of water power as to exhaust the whole productive capacity of the land and structures by which it was furnished, it must be understood with a view to the fact that both subjects of taxation were within the same city. If, in assessing the tax upon the mills, the water power had been estimated in such a manner as to include the entire value of the land and structures, by means of which it was supplied, it would manifestly be double taxation to include them again in the assessment as a separate subject of valuation and tax. There was no diversity of right or jurisdiction in that case, which made it necessary to determine whether the canals and land adjoining them could be taxed to the millowners as water power, against a conflicting interest.

By the Gen. Sts. *c.* 11, § 3, " real estate, for the purposes of taxation, shall include all lands within this state, and all buildings and other things erected on or affixed to the same." No case has been cited which gives countenance to the position that land and erections upon land cease to be separately taxable as real estate, because of their appropriation and use for the purpose of creating and supplying water power for mills.

The value of such structures consists mainly, it is true, in their adaptation to the production and application of water power for mills. But they are capable of being estimated by a reasonable valuation, not dependent upon nor including the worth of the water power with which they are connected. Such a valuation is not unlike that which is required to be made of the mills themselves, including the water wheels, by the St. of 1861, *c.* 167, § 2. This statute requires " such value to be exclusive of land and water power, and of the machinery used in said buildings." It would not be supposed that it was intended, by this provision, that the buildings should be estimated according to their value independent of their use by the application of water power, or to the value of their materials for removal. The same statute requires a separate description and valuation of " each and every lot of land assessed." The manner of assessment in detail, provided for by this statute, favors the position of the respondents.

We are satisfied that the land in this case, and the dam erected upon it, are taxable as real estate in Windsor; that the valuation should be made, not subject to the use to which they are, for the time, appropriated; nor independently of that use, in any sense which excludes it from consideration as a means by which their value is made available; but in the same manner as the mills and water wheel are to be valued. *Boston Water Power Co.* v. *Boston*, 9 Met. 199, 204. No part of the value of the water power, as such, is to be included in the valuation of either; but the capacity of the property for valuable use is not to be excluded from consideration for the reason that it is so limited in the purpose or mode of its use as to be of only nominal value independently of its use in a particular mode or for a particular purpose.

The valuation, in the present case, is such as to give no ground for the supposition that it included any part of the value of the water power; or that it is other than a fair and reasonable estimate of the land and structures erected upon it. The tax therefore is rightly assessed; and the petition is accordingly
*Dismissed.*