INHABITANTS OF CHESHIRE *vs.* COUNTY COMMISSIONERS OF BERKSHIRE.

Berkshire.    September 15. — 25, 1875.    AMES & DEVENS, JJ., absent.

The St. of 1872, c. 306, which provides that "all reservoirs of water, with the dams connected therewith and the lands under the same, used to maintain a uniform supply of water for mill power, shall be assessed for the purposes of taxation in the town or towns where located, at a valuation not exceeding a fair valuation of land of like quality in the immediate vicinity," is unconstitutional and void.

PETITION for a writ of certiorari. The case was reserved by *Colt*, J., for the consideration of the full court upon the petition and answer, and was as follows:

In 1874, the Adams and Cheshire Reservoir Company, the owner of a reservoir of water, with the land under the same and

dams connected therewith, used to maintain a uniform supply of water for mill power, and liable to taxation therefor in the town of Cheshire, was assessed a tax of nine hundred dollars upon a valuation of sixty thousand dollars. In determining this valuation the asssessors made what was in their judgment a fair cash valuation of the property, and did not assess the tax as required by the St. of 1872, c. 306. The reservoir company then applied to the county commissioners for an abatement of the tax, who decided that the assessors should have valued the property as provided in said statute and abated the tax accordingly. ·

*M. Wilcox*, for the petitioner.

*H. L. Dawes*, for the respondents. 1. The St. of 1872, c. 306, is one of classification, not of exemption. The error of the petitioner is in assuming that the whole taxable value of a reservoir lies in the land and dam. On the contrary, it lies mostly in the use, in the water power which is created by its application else-where. *Boston Manufacturing Co.* v. *Newton*, 22 Pick. 22. *Lowell* v. *County Commissioners*, 6 Allen, 131. The statute does not meddle with that taxable value, but prescribes only what of the entire taxable value shall be taxed as land.

2. If, however, the effect of this statute should be found to be to exempt from taxation some portion of the taxable value of such a reservoir, still it would not follow that it is unconstitutional. The Constitution, c. 5, § 2, enjoins upon the Legislature as a duty to encourage rewards and immunities for the promotion of manufactures. The concurrent and uninterrupted construction of the Constitution has authorized such exemptions. Such construction, repeated through a long series of years, ought to have great weight, and not to be overruled unless manifestly erroneous. *Kendall* v. *Kingston*, 5 Mass. 524, 534. *Barnes* v. *First Parish in Falmouth*, 6 Mass. 401, 417. *Portland Bank* v. *Apthorp*, 12 Mass. 252, 257.

Machinery in cotton and woollen manufactories was exempted from taxation in 1818. 2 Mass. Laws (ed. 1823) 581 note. And it, together with sheep, continued to be exempted until the St. of 1828, c. 143. By the St. of 1821, c. 107, § 3, unimproved land was taxed at two per cent. on its value, all other property at six per cent. on its value. By the St. of 1872, c. 327, any city or town might for ten years exempt from taxation property used

exclusively in the manufacture of beet sugar. See also Rev. Sts. *c.* 7, § 5 ; Gen. Sts. *c.* 11, § 5.

WELLS, J. This case is presented to the court solely upon the question of the construction and validity of the St. of 1872, *c.* 306, which is as follows : " All reservoirs of water, with the dams connected therewith and the lands under the same, used to maintain a uniform supply of water for mill power, shall be assessed for the purposes of taxation in the town or towns where located, at a valuation not exceeding a fair valuation of land of like quality in the immediate vicinity."

We are unable to construe this statute as requiring merely that the value of land and structures, appropriated for the purpose of creating and applying water power for mills, should be apportioned between different towns, in each of which part only of the works is situated, so that the land alone should be taxed in the town where it is situated, and the artificial structures or appliances for creating the power should be taken as included in the estimate of the value of the power itself, and taxed in the same town as the site upon which it is applied and used ; nor can we regard it in purpose and effect as providing, by way of classification merely, that such structures and appliances shall be estimated only as incident to and included in the value of the power at the site where it is used and valued, wherever located. *Lowell* v. *County Commissioners*, 6 Allen, 131. *Pingree* v. *County Commissioners*, 102 Mass. 76. The terms in which the act is framed forbid such a construction. It makes the town in which the reservoir is situated the place, and the only place, where any tax can be laid on account of the value, as property, of the entire reservoir ; thereby excluding it from estimation as incident to, or as an element of value in, that capacity of use which is taxable as power, in connection with the site upon which it is applied to the working of mills. It does not purport to have for its object the apportionment of the rights of taxation between different towns. Its terms apply equally to reservoirs which are in the same town with the mills for whose supply they are maintained, as to those which are in other towns ; and whether held by the same parties and in the same right as the mills and mill site, or by an entirely separate and independent ownership. It is not a statute of exemption. Neither its title nor its provisions indi-

cate any consideration of public service, or relief required by the public welfare, which might justify such an exemption or lead to the supposition that it was so intended ; nor is any such consideration to be implied from the character and use of the property. We need not determine, therefore, whether, if it were to be construed as an exemption, it could be sustained as such.

Regarding the statute then as declaring the entire reservoir to be a distinct and separate subject of valuation for the purposes of general taxation, and requiring that valuation to be made upon a basis which excludes all increase of value by reason of the improvements or additions made thereon for the construction and maintenance of the reservoir, however valuable or costly, the question is whether it conflicts with the constitutional provision which relates to the exercise of the taxing power by the Legislature. That provision requires that all taxes levied under its authority be " proportional and reasonable," and forbids their imposition upon one class of persons or property at a different rate from that which is applied to other classes, whether that discrimination is effected directly in the assessment or indirectly through arbitrary and unequal methods of valuation. *Portland Bank* v. *Apthorp*, 12 Mass. 252.   *Commonwealth* v. *People's Savings Bank*, 5 Allen, 428, 431.   *Commonwealth* v. *Hamilton Manufacturing Co.* 12 Allen, 298, 301.   Practically it is impossible to secure exact equality or proportion in the imposition of taxes or distribution of public burdens requiring taxation.   The test, in all legislative enactments affecting taxation, is that their aim be towards that result, by approximation at least.   No enactment respecting taxation under this clause conforms to its provisions it it directly and necessarily tends to disproportion in the assessment.   It appears to us that the practical operation of this statute, construed as we have found ourselves compelled to construe its terms, is directly and necessarily to produce disproportion, to a greater or less extent, in the levy of all taxes based upon valuations which include such property as that to which it applies. That being its necessary tendency, it is immaterial whether the effect upon the general distribution of the tax be great or small, it is equally in violation of the Constitution, and therefore not within the legitimate authority of the Legislature.   Consequently the abatement ordered by the county commissioners was errorepusly made, and the          *Writ of certiorari must be issued.*