JOHN A. WHITTEMORE & another *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.   January 23, 1899. — October 19, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Railroad — Construction of Agreement — Equity — Specific Performance.*

Pursuant to an agreement executed by A. and by a railroad corporation, a spur track was built at one of its stations in a city, and scales, sheds, a platform, and weighing room, all described as temporary, for use by A. in carrying on a coal business, were erected on the premises of the corporation. The agreement further provided that, when the corporation found it necessary for the accommodation of its business to remove the spur track, no claim for damages or loss by reason of its removal should be made by A. Within a few days after the agreement was entered into, a statute was passed, relating to grade crossings of the corporation in the city, and the corporation proceeded to change the grade, as ordered by the Superior Court, and to make other improvements at the station in question. *Held,* upon a bill in equity by A. against the corporation, that he was not entitled to specific performance of the agreement.

BILL IN EQUITY, filed March 12, 1898, to restrain the defendant from removing a spur track at its Roslindale station in Boston. Hearing before *Barker,* J., who entered a decree, dismissing the bill; and the plaintiffs appealed to the full court, and also alleged exceptions to the refusal to give certain rulings requested. The facts appear in the opinion.

*R. M. Morse,* (*C. E. Hellier* with him,) for the plaintiffs.

*J. H. Benton, Jr.,* for the defendant.

MORTON, J.   This is a bill in equity to restrain the defendant from removing a spur track at its Roslindale station in Boston until such time as it shall appear to this court that its removal is necessary for the accommodation of the business of the defendant corporation. The case was heard by a single

justice, who made certain findings of fact, refused certain rulings requested by the plaintiff, and ordered the bill to be dismissed. The plaintiffs appealed from the decree dismissing the bill and excepted to the refusal to give the rulings asked for.* The defendant appealed from the findings of fact.

The track is on the defendant's land, and is used by the plaintiffs in carrying on a coal business in connection with coal scales, a temporary platform, temporary sheds, and a temporary weighing room, all likewise on the defendant's premises. The track, scales, sheds, platform, and weighing room are used and occupied by the plaintiffs, and were built pursuant to a written agreement between the plaintiffs and defendant, executed on behalf of the defendant by its third vice-president. This agreement contains, amongst others, the following provision: " Third. It is also further agreed that whenever said first party [the defendant] finds it necessary for the accommodation of its business to remove said spur track, no claim for damage or loss by reason of its removal shall be made by said second party [the plaintiffs], his executors, administrators, or assigns." The object of this provision, evidently, was to protect the defendant from any claim for loss or damage on the part of the plaintiffs when the spur track should be removed, and it impliedly recognized the right of the defendant to remove the track. But the plaintiffs contend that it is also implied that the track is not to be removed till it becomes in fact necessary for the accommodation of the defendant's business to do so, and that till then they have a right to have the track remain as it is. It seems to us, however, that the occupation contemplated by the agreement is temporary in its character, and that the agreement is more in the nature of a revocable license than anything else. It does not purport to be a lease, and is not under seal, or acknowledged or recorded,

---

* The rulings requested were as follows:

" 1. The plaintiffs are entitled, by the terms of the agreement annexed to the bill, to have said side track maintained by the defendant to accommodate their coal business until it is necessary for the accommodation of the business of the defendant to remove the same.

" 2. The contract annexed to the bill is on the part of the railroad company an agreement to maintain the side track in question to accommodate the coal business of the plaintiffs, until such time as it is necessary for the accommodation of the defendant's business to remove the same."

and is not shown to have been executed by authority of the board of directors, as the by-laws of the defendant corporation require conveyances of real estate to be. No rent is reserved and no compensation is to be paid by the plaintiffs for the use of the premises. The sheds, platform, scales, and the use of the weighing room are all described as temporary. And considering that St. 1896, c. 321, approved April 27, 1896, relating to grade crossings of the defendant railroad in the city of Boston, was passed only a few days after the agreement was entered into, it is not unreasonable to suppose that the parties had in mind when they entered into the agreement the fact that there might, and probably would be, changes at the Roslindale station, the precise nature of which could not be anticipated, and which would render the occupancy of the plaintiffs of uncertain duration. No doubt it was expected that the occupancy of the plaintiffs would continue long enough to render it worth their while to make the outlay which they were to make, and it has done so. The language of the clause relied on by the plaintiffs would seem to refer to and describe a transient occupation, rather than one which was to continue as of right till the happening of a future event which was to terminate it. The indefinite nature of the right claimed by the plaintiffs is also shown by the prayer of their bill, which is that the defendant may be enjoined from removing the track until it shall appear to this court that it is necessary for the accommodation of the defendant's business to remove it.

But without passing finally upon the precise nature of the right of occupancy which the agreement gave to the plaintiffs, we think that, in view of the changes which have taken place at the Roslindale station since the agreement was entered into, it would be inequitable to enforce specific performance of the contract, and that the decree dismissing the bill was right, as well as the refusal to rule as requested, and that the plaintiffs should be left to their remedy at law, if they have any. The question is not whether it is feasible to carry out the contract in view of the changes that have taken place, but whether in the exercise of a sound judicial discretion the plaintiffs are entitled under the circumstances to have it specifically enforced, and we do not think that they are. It is no doubt true, as the plaintiffs

contend, that courts of equity have enforced specific perform-
ance by railroad companies of contracts to build sidings, stop
trains, provide rights of way, etc.; but in these cases the right
of the plaintiff to equitable relief was clear.   See *Hamlin* v. *New
York, New Haven, & Hartford Railroad,* 166 Mass. 462; *Greene*
v. *West Cheshire Railway,* L. R. 13 Eq. 44; *Lytton* v. *Great
Northern Railway,* 2 K. & J. 394; *Stover* v. *Great Western Rail-
way,* 2 Y. & C. 48; *Hood* v. *Northeastern Railway,* L. R. 8 Eq.
666; *Burnett* v. *Great North of Scotland Railway,* 10 App.
Cas. 147.   We have been referred to no case in which specific
performance has been decreed under circumstances similar to
those appearing here.

In the view that we have taken, the findings at *nisi prius* that
it is feasible and safe and that there is room enough without in-
terfering with the defendant for the plaintiffs to carry on their coal
business while the defendant is changing the grade, as ordered
by the Superior Court, and making the other improvements at
the Roslindale station, and that the reasons given by the defend-
ant in its notice to the plaintiffs to remove were not true, are
immaterial, and it is unnecessary to consider whether the find-
ings of fact were warranted by the evidence.

*Decree affirmed ; exceptions overruled.*