## MELINA FRENCH *vs.* HELEN S. F. FOLSOM.

Suffolk.　March 21, 1902. — May 22, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Incumbrance.　Boston.　Way.*

Under St. 1891, c. 323, providing for a board of survey in the city of Boston, and acts in amendment thereof, no incumbrance is created on land over which it is proposed to lay out a street until a plan is filed under the provisions of that act.

CONTRACT for $500 paid by the plaintiff under an agreement in writing by which the defendant agreed to convey certain land to the plaintiff "by a good and sufficient deed." Writ dated May 21, 1897.

In the Superior Court *Sherman,* J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. C. Wait,* for the plaintiff.

*J. Duff,* for the defendant.

MORTON, J. This is an action for breach of contract to recover a deposit paid by the plaintiff to the defendant in part performance of a written agreement entered into between the parties for the purchase and conveyance of certain premises described therein. The defendant agreed " to execute and deliver a good and sufficient deed conveying said property on or before the 15th day of April, A. D. 1897." The time was afterwards extended by mutual agreement to May 15. The premises were described by metes and bounds and then followed these words, " Being the same premises conveyed to me [the defendant] by George T. Hawley by deed dated March 27, A. D. 1876, subject to the restrictions mentioned in the deed of said Hawley respecting the maintenance of a sidewalk." The defendant tendered a warranty deed subject to the restriction mentioned in the deed from Hawley which the plaintiff refused to accept, and, after a demand for the return of the deposit, brought this action. The judge ruled upon the plaintiff's opening offer of proof that the action could not be maintained and ordered a verdict for the defendant. The case is here upon the plaintiff's exceptions to this ruling.

We think that the ruling was right. The plaintiff's contention is that the St. of 1891, c. 323, and the acts in amendment thereof, and a preliminary hearing which the board of survey gave in 1894 under that statute with reference to the section of the city in which the land in question lies and a plan in the office of the city surveyor on which was marked, in pencil, lines indicating a way forty feet wide along the southerly side of the premises which the plaintiff was informed through her agent by members of the board of street commissioners, which had succeeded the board of survey, indicated their intention with reference to laying out ways in said premises, constituted an incumbrance on the land. The plaintiff offered to show that she did not know of the statute or of these facts till after the execution of the agreement, and that, prior to the execution of the agreement, a plan of the premises was exhibited by the defendant's agents to her agent on which was shown a method of cutting up the premises into lots on both sides of a proposed way that rendered the land much more valuable than it would otherwise be ; that it was represented by the defendant's agents that the land could be so divided, and that she executed the contract relying upon the fact that such subdivision could be made and that this was known to the defendant's agents. She also offered to show that she endeavored, but without success, to secure the assent of the street commissioners to the way shown on this plan, and that in July, 1897, a second hearing was given by the street commissioners on a plan showing the forty foot street above referred to, and that in January, 1902, a plan was filed by them dealing in part with these premises but not, as we infer, adopting the way shown on the plan that had been exhibited by the defendant's agents.

We assume that the defendant was bound to convey the land free from all incumbrances except the restriction in regard to the maintenance of a sidewalk. *Linton* v. *Allen,* 147 Mass. 231. We doubt whether the reference in the contract to the premises as " being the same premises conveyed to me by George T. Hawley by deed dated March 27, A. D. 1876 " is to be regarded as anything more than a part of the description, and whether it can be construed as binding the defendant to convey, as the plaintiff contends, the same premises, that is, the same title in

all respects that Hawley conveyed. But, however that may be, we are of opinion that the St. of 1891, c. 323, and the acts in amendment thereof, and the preliminary hearing, and the map in the surveyor's office with the pencil lines on it and the refusal of the commissioners to assent to the way on the defendant's plan did not constitute an incumbrance on the premises in question. The statute of itself did not constitute an incumbrance any more than the highway acts of which it is a part did. And it is not, we think, until a plan has been filed in accordance with the statute that anything in the nature of an incumbrance under it can be said to exist. *Daniell* v. *Shaw*, 166 Mass. 582. That did not occur in the present case till a long time after the bringing of this suit and after the time for performance had expired. It is not necessary to decide whether the defendant could have maintained a bill in equity for specific performance. Even if she could not, she still might have been able to maintain an action at law upon the contract to recover damages for its breach upon the plaintiff's refusal to accept the deed. *Whittemore* v. *New York, New Haven, & Hartford Railroad*, 174 Mass. 363.

The representation that the premises could be subdivided as shown upon the plan has not been relied upon. Manifestly it did not refer and was not intended to refer to the action of the street commissioners, but to the physical capabilities of the tract.

*Exceptions overruled.*