JOHN A. WHITTEMORE & another *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.   March 16, 1906. — April 3, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Contract*, Construction.  *Railroad.*  *Evidence.*

Under a contract between a railroad company and a coal dealer, by which the company agrees to construct a spur track on its land at a certain point to accommodate the coal business of the dealer, and the dealer agrees that whenever the company "may find it necessary for the accommodation of its business to remove said spur track, no claim for damage or loss by reason of its removal shall be made," the railroad company is the sole judge of the necessity of removing the track for the accommodation of its business, and if it removes the track in good faith it cannot be held liable on the ground that its action is unreasonable.

In an action by a coal dealer against a railroad company for an alleged breach of contract by the removal of a spur track built by the defendant on its own land to accommodate the business of the plaintiff under an agreement that whenever the defendant "may find it necessary for the accommodation of its business to remove said spur track, no claim for damage or loss by reason of its removal shall be made," evidence offered by the plaintiff that "it was not necessary for the accommodation of the defendant's business to remove the spur track in question at the time when it was removed" should be excluded as immaterial in the absence of evidence that the defendant was not acting in good faith.

CONTRACT for an alleged breach of the contract in writing printed below by the removal of a spur track. Writ dated June 5, 1900.

In the Superior Court the case was heard by *Fox,* J. upon an auditor's report.

The plaintiff, having read the auditor's report and the pleadings, requested the judge to rule as follows: " The contract annexed is, on the part of the railroad company, an agreement to maintain the spur track in question to accommodate the coal business of the plaintiff until such time as it is necessary for the accommodation of the defendant's business to remove the same, and if it is removed before such time, the plaintiff is entitled to continuing damages for such removal until such time."

In support of this request he offered to prove that it was not necessary for the accommodation of the defendant's business to remove the spur track in question at the time when it was removed.

The judge ruled that the fact, if proved, would not entitle the plaintiff to recover, and reported the case for determination by this court. If the ruling of the judge was right, judgment was to be entered for the defendant; otherwise, the case was to stand for trial.

The contract sued upon, omitting the attesting clause and the signatures of the parties, was as follows:

" This agreement made this eighteenth day of April, eighteen hundred and ninety-six, by and between the New York, New Haven and Hartford Railroad Company, hereinafter called the first party, and John A. Whittemore and Charles W. Whittemore, copartners doing business under the name and style of John A. Whittemore's Sons, Roslindale, county of Suffolk, and Commonwealth of Massachusetts, hereinafter called the second party, witnesseth: —

" That said party for the consideration hereinafter named and upon the terms and conditions herein stated, agrees to construct a spur track on its land at the junction of its location and South Street in said Roslindale, to accommodate the coal business of said second party, substantially as shown in the plan, and may be referred to.

" The mutual promises and agreements of the said parties are as follows:

" First. Said first party agrees to construct and equip said spur track, furnishing the necessary materials therefor and putting it in proper condition for use as soon as it reasonably may.

" Second. Said second party agrees to bear the entire expense of the construction and equipment of said spur track and to pay for the same within thirty days after its completion and the presentation of the bills, and it is agreed that if payment is not made within said thirty days said first party may remove said track, and the expense of construction, after deducting the value of materials removed, shall be paid by second party ; and it is also understood and agreed that said second party shall bear the expense of the maintenance of said spur track and shall pay the bills therefor as they are presented from time to time.

" Third. It is also further agreed that whenever said first party may find it necessary for the accommodation of its business to remove said spur track, no claim for damage or loss by reason of its removal shall be made by said second party, his executors, administrators or assigns.

" Fourth. Said first party agrees that said second party may erect its coal scales on the property of the first party by the side of said spur track, and also a temporary coal platform and temporary shed for carrying on its coal business, and also a temporary weighing room, and may use the same during the life of this agreement, and for that purpose may enter said premises of first party ; and that said scales, platform and sheds shall remain the property of the second party, and that the first party may make no charge for use and occupation of its premises by the second party during the life of this agreement. And said second party hereby agrees to assume all risk of damage to the buildings comprising his plant and the contents thereof by fire,

communicated from locomotives of the first party by sparks or otherwise, and waives, and hereby releases said first party from all claims that may arise for such damages made by any insurer or other person on account of such damage."

*C. E. Hellier*, for the plaintiff.

*J. H. Benton, Jr.*, for the defendant.

LORING, J. The construction of the contract here in question, put forward by the plaintiff in his request for a ruling, is wrong.

It has been the law of this Commonwealth from the beginning that a railroad not owning the fee in its location, having regard to the duty owed by it to the public, is the sole judge of what shall be or shall not be done within the location. *Brainard* v. *Clapp*, 10 Cush. 6.

The thing to be removed here was a connection in one of the main tracks of the defendant. The terms of the agreement were "that whenever said first party may find it necessary for the accommodation of its business to remove said spur track," no claim for damage shall be made.

In our opinion this provision comes within the class of cases collected in *Lockwood Manuf. Co.* v. *Mason Regulator Co.* 183 Mass. 25, 26, in which the decision of one party to the contract is final, "however unreasonable he might be, provided he acted in good faith." See in this connection *Whittemore* v. *New York, New Haven, & Hartford Railroad*, 174 Mass. 363.

In case of such a contract, evidence that "it was not necessary for the accommodation of the defendant's business to remove the spur track in question at the time when it was removed," is not material, in the absence of evidence that the defendant did not act in good faith.

*Judgment for the defendant.*