JOHN CASHMAN *vs.* DUMMER B. BEAN & another.

Essex.     January 10, 1917. — March 2, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Contract,* Construction, Monuments govern distances. *Equity Jurisdiction,* Specific performance. *Party Wall. Covenant,* Against incumbrances. *Words,* "More or less."

Where an agreement in writing to sell and convey real estate describes the property as having a frontage on a certain street of "sixty feet more or less" and as being bounded on its other sides by a certain river and by an alleyway and as being all the property owned by the sellers "at this location," the statement of the distances being accompanied by the words "more or less" or the word "about," and where the purchase price named is a round sum of money, the street, the river and the alleyway are monuments which control the stated distances, and,

if upon a survey of the property it turns out to be of less area than that indicated by the figures in the description and the frontage on the street turns out to be only about seven eighths of sixty feet, this gives the purchaser no right to have a deduction made from the price.

In a suit in equity to enforce the specific performance of an agreement in writing to sell and convey certain real estate to the plaintiff, where the plaintiff has agreed to pay as the purchase money a certain round sum "in cash upon the delivery of a warranty deed free and clear of all encumbrances, except such mortgages as are already outstanding against said property and two leases" named, if it is alleged that the property is subject to other valid easements consisting of a party wall and a passageway, it is a question to be determined whether these incumbrances exist and whether they diminish the value of the property, and if it is found that they do exist and diminish the value and that the defendant cannot remove them, and the plaintiff still insists on specific performance, he is entitled to have a proportionate deduction made from the amount of the purchase money and the conveyance ordered can be drawn so as to except the party wall and the passageway from the covenant of warranty.

Whether the existence of a party wall is an incumbrance on real estate which its owner has agreed to convey by a warranty deed "free and clear of all encumbrances," depends upon the character of the party wall agreement.

Even where a party wall is an incumbrance upon the title to real estate, its existence may be a benefit to the property, so that in a suit in equity to enforce a contract to convey the real estate free from incumbrances no reduction of the purchase price should be made on account of it. Whether the existence of the party wall diminishes the value of the property is a question of fact.

BILL IN EQUITY, filed in the Superior Court on June 14, 1915, to enforce the specific performance of a contract in writing dated March 20, 1915, by which the defendants agreed to sell and convey to Frederick H. Tilton, the plaintiff's assignor, certain real estate on Merrimack Street in Haverhill for the price of $75,000, of which $1,000 already had been paid, alleging that the real estate in question was deficient in area and subject to certain incumbrances, and that the defendants refused to make any deduction from the purchase price on account of such deficiency and incumbrances; and praying for an order for the conveyance of the real estate to the plaintiff in accordance with the contract and that the defendants might be ordered to pay to the plaintiff the damages caused by such deficiency and incumbrances.

The contract sought to be enforced was as follows:

"Haverhill, Mass.,
March 20, 1915.

Received of Frederick H. Tilton, Trustee, one thousand dollars ($1000.00), on the purchase price of the property numbered

192 to 198½ Merrimack Street inclusive, said property having a frontage of about sixty (60) feet more or less on Merrimack Street in said Haverhill, an easterly boundary line of about two hundred (200) feet extending to the Merrimack River, a southerly boundary line of about ninety (90) feet more or less on the Merrimack River, about one hundred thirty (130) feet on the west running to an alley way, then about thirty-three (33) feet more or less easterly along said alley way, and then northerly fifty-five (55) feet more or less to said Merrimack Street, being all the property owned by Bean & Watson at this location including all rights and appurtenances thereto, also all rights in way and by-ways.

The purchase price of said property to be seventy-five thousand dollars ($75,000.00), of which one thousand dollars, ($1000.00) has already been paid, the balance to be paid by the purchaser assuming all mortgages which are already on the property and paying the balance of the seventy-four thousand dollars, ($74,000.), in cash upon the delivery of a warranty deed free and clear of all encumbrances except such mortgages as are already outstanding against said property and two leases covering the clothing store and the Chinese restaurant, said deed to be delivered between May first, 1915, and May fifteenth, 1915, the taxes for 1915 to be paid by the purchaser.

Greenleaf Clarke          (seal)<br>Agent for Bean & Watson."

There were also three agreements in writing signed by the same parties extending the time for delivering the deed and paying the consideration respectively from May 15 to June 1, 1915, from June 1 to June 5, 1915, and from June 5 to June 12, 1915.

The allegations of the bill are described sufficiently in the opinion. Paragraph four of the bill, referred to in the opinion, set out the deficiency in area of the real estate as ascertained by a survey made by a competent civil engineer and alleged that "The frontage of the property on said Merrimack Street is only about seven eighths of the frontage called for by the contract. The property is of much less value by reason of the frontage being only about seven eighths of what the contract called for."

The defendants demurred to the bill and assigned the following causes of demurrer:

"1. Because the plaintiff has not in his said bill stated any case entitling him to relief in equity.

"2. Because the plaintiff, upon the allegations of said bill, has no right to bring this action and particularly in his own name, it being alleged in said bill that the plaintiff brings this action by virtue of an assignment of a contract in writing made with Frederick H. Tilton, and there being no allegation that the said contract in writing was assignable, and there being no copy of any assignment annexed to the bill nor any allegation of the substance of an assignment sufficient to show an assignment in form sufficient to assign and transfer to the plaintiff the rights of said Tilton under said contract and more especially the right to bring this action and particularly to bring this action in his own name.

"3. Because there is no allegation of any fraud or deceit practised on the plaintiff by the defendants, or of the breach of any duty owed by the defendants to the plaintiff.

"4. Because in connection with the allegation that while the plaintiff was considering the purchase of said property he was informed by the defendant Bean that said property had a frontage on Merrimack street of sixty (60) feet upon which he could build, there is no allegation that when the alleged statement was made to the plaintiff by the defendant Bean that the parties were negotiating for the sale or purchase of the said property, or that there was any intent to deceive the plaintiff, or that the plaintiff was in fact deceived thereby, or that said alleged statement was made with the intent that it should be acted upon by the plaintiff, or that said alleged statement was in fact acted upon by the plaintiff to his damage.

"5. Because the plaintiff, on the allegations of the bill, has a plain, adequate and complete remedy at law for all legal wrongs, if any, alleged therein to have been suffered by him."

The case was argued on the demurrer before *Wait*, J., who made an order sustaining the demurrer. Later, the plaintiff not desiring to amend his bill, the judge made a final decree that the bill be dismissed with costs to the defendants. The plaintiff appealed.

*H. J. Cole*, for the plaintiff.

*E. S. Abbott*, for the defendants.

Braley, J.   The plaintiff as assignee can maintain the bill in his own name, and, as he asks for specific performance of the contract which a court of equity only can grant, the remedy at law for money damages is neither adequate nor complete, even if relief in both forms may be concurrently sought in one suit. *Pingree* v. *Coffin*, 12 Gray, 288.  *Connihan* v. *Thompson*, 111 Mass. 270.  *Seymour* v. *Freer*, 8 Wall. 202.

It also is unnecessary to allege that the purchaser was induced to enter into the contract and to accept its terms through any material misrepresentations of the defendants.  The suit is founded on affirmance of the contract as set forth in the bill, where no allegations of mutual mistake, with prayers for its reformation and enforcement of the contract as reformed, are found.  *Glass* v. *Hulbert*, 102 Mass. 24.  *Quincy* v. *Chute*, 156 Mass. 189.

But if these several objections of the demurrants disappear and on the record the contract, even if not signed by the purchaser, can be enforced, there remains the final defence, that no case is stated for equitable relief.  *Old Colony Railroad* v. *Evans*, 6 Gray, 25, 31, 32.

We shall refer to the plaintiff as the purchaser, who, apparently having acted in good faith and being able and willing to perform, is entitled to have the agreement specifically enforced in so far as the defendants are able, with a deduction from the purchase price for any deficiency in title or of quantity or of quality of the designated estate.  *Pingree* v. *Coffin*, 12 Gray, 288, 316.  *Woodbury* v. *Luddy*, 14 Allen, 1.  *Davis* v. *Parker*, 14 Allen, 94, 98. *Kares* v. *Covell*, 180 Mass. 206.  *Mansfield* v. *Wiles*, 221 Mass. 75.  *King* v. *Connors*, 222 Mass. 261.  *Townsend* v. *Vanderwerker*, 160 U. S. 171.  *Burrow* v. *Scammell*, 19 Ch. D. 175.

The demurrer having admitted all the essential allegations of the bill, it must be assumed that there is a discrepancy between the dimensions of the property as described in the contract and as shown by the measurements of the engineer employed by the plaintiff to make a survey, the most important of which is the variance in frontage on the street where the property abuts. The plaintiff, however, is bound by the description, and cannot require from the vendors a greater estate than that which they agreed to convey.  It plainly appears from an examination that the length of the boundary lines is controlled by their termini or

monuments, consisting of the alleyway, the river, and the street, which are to be taken as delimiting the courses and distances to which the estimates must yield, if any discrepancy appears upon application of the description to the premises. *Benson* v. *Temple,* 213 Mass. 128, 132. It also is settled that the words "more or less" used by the parties in stating the frontage on the street, control the statement as to the length of the street line or boundary, as well as its effect when ascertaining the quantity of land for which the purchaser bargained. *Noble* v. *Googins,* 99 Mass. 231. *Pingree.* v. *County Commissioners,* 102 Mass. 76. *Tarbell* v. *Bowman,* 103 Mass. 341, 344. *Lovejoy* v. *Lovett,* 124 Mass. 270, 273. *Flagg* v. *Mason,* 141 Mass. 64, 66. *Hodges* v. *Kowing,* 58 Conn. 12. *Tyson* v. *Hardesty,* 29 Md. 305.

If upon measurement the frontage had exceeded the estimate, the plaintiff would have been entitled to a conveyance without any enhancement of the purchase price, and if there is a deficiency of substantially seven feet, the shortage does not correspondingly abate the price, or raise any presumption of fraud. *Noble* v. *Googins,* 99 Mass. 231, 235. *Stebbins* v. *Eddy,* 4 Mason, 414, 421. *Frederick* v. *Youngblood,* 19 Ala. 680. The plaintiff accordingly is not entitled to compensation for any deficiency in area.

The contract having further provided that upon payment of the balance of the purchase price the defendants are to pass the title by delivery "of a warranty deed free and clear of all encumbrances" except certain outstanding mortgages and leases which are specifically named, they are bound to convey a good marketable title. *Davis* v. *Parker,* 14 Allen, 94. *Linton* v. *Allen,* 147 Mass. 231; *S. C.* 154 Mass. 431. *French* v. *Folsom,* 181 Mass. 483. *Foster, Hall & Adams Co.* v. *Sayles,* 213 Mass. 319, 321.

It is aptly alleged that the premises are subject to other valid easements comprising a party wall and a passageway, the existence of which incumbers the title and depreciates the value of the property. A party wall may or may not be an incumbrance within the protection of a full covenant of warranty. *Savage* v. *Mason,* 3 Cush. 500. *Cecconi* v. *Rodden,* 147 Mass. 164. *Everett* v. *Edwards,* 149 Mass. 588, 590. *Schaefer* v. *Blumenthal,* 169 N. Y. 221, 227, 228. *Burr* v. *Lamaster,* 30 Neb. 688. Even if the party wall described in the bill is found to be an incumbrance, it may be

of such benefit to the premises that no reduction from the purchase price should be made. The question depends on circumstances which cannot be determined on the present record. *Hayes* v. *Harmony Grove Cemetery*, 108 Mass. 400, 402. *Loring* v. *Whitney*, 167 Mass. 550. *Fleming* v. *Cohen*, 186 Mass. 323, 325, 326. *Hendricks* v. *Stark*, 37 N. Y. 106.

If it shall appear that such incumbrances exist and the defendants are unable to remove them, and if the purchaser, having been ignorant of the defects when he entered into the contract, still insists on specific performance, a proportionate part of the purchase price can be deducted, and the conveyance can be so drafted as to exclude from the covenant of warranty the party wall and the passageway. *Chute* v. *Quincy*, 156 Mass. 189. *Davis* v. *Parker*, 14 Allen, 94, 98, 99.

We have considered all the questions presented and the result is that the decree dismissing the bill is reversed, and a decree is to be entered overruling the demurrer except as to paragraph four of the bill, as to which it is sustained.

*Ordered accordingly.*