Agnes, A.J.
1.Introduction
This action is before the court on cross motions for summary judgment. The plaintiffs, Cushing and Gladys Bozenhard (“the Bozenhards”), appealed a decision by the Shrewsbury Board of Sewer Commissioners (“the Board”). The Board denied the Bozenhards’ request for an abatement of a betterment assessment in connection with a sewer line constructed along a portion of their land. The total assessment against the plaintiffs’ real estate is $8,003.80. The plaintiffs seek an abatement of $5,000. The Bozenhards appealed the Board’s assessment because 25,000 square feet of the 40,019 assessed is covered by an electric utility easement. The Bozenhards have filed a motion for summary judgment on the grounds the assessment 1) is disproportionate; 2) is substantially in excess of the benefits conferred; 3) is irrevocably devoted to a use which renders it incapable of receiving a benefit of the sewer; 4) is incapable of receiving the intended benefit because it cannot be drained into the sewer; and 5) is unreasonable and unjust. The Board has filed a cross motion for summary judgment on grounds that that 1) the method employed by the Board known as the “uniform rate,” conformed to G.L.c. 83, §14 and §15 and is authorized by G.L.c. 83 and c. 502 of the Acts of 1954;[3] 2) the assessment is not disproportionate; 3) the plaintiffs have received a full benefit from the assessment; 5) the plaintiffs’ land benefited from the assessment; and 6) the plaintiffs’ properiy can be physically drained into the sewer as the statute means and intends. For the reasons stated below the plaintiffs’ motion for summary judgment is denied and the defendant’s motion for summary judgment is allowed.
2.Factual Background
The Bozenhards own a parcel of land with frontage on Main Street in Shrewsbury, Massachusetts. In September 1997, the Board ordered the construction of a common sewer along a portion of Main Street, Shrewsbury. Pursuant to G.L.c. 80, §§14 and 15, the Board ordered a betterment assessment to be made upon each lot of land with frontage on Main Street running along the new sewer line. The method used to determine the area subject to the betterment assessment consisted of the multiplication of the frontage of each parcel — in this case 400.19 feet — by a fixed depth of 100 feet, resulting in a total square footage of 40,019 feet. A uniform tax of $.20 per square foot was assessed on the total square footage.
The Bozenhards object to the betterment assessment on the grounds that 25,000 square feet of their total assessment is occupied by an electric utility easement that should be exempt from the betterment assessment. They filed an appeal with the Board requesting the assessment be abated by the amount of frontage occupied by the easement. The Board denied the request and the Bozenhards have filed an appeal in the Superior Court pursuant to G.L.c. 80, §7.
3.Standard of Review
Motions for summary judgment are governed by Rule 56 of the Massachusetts Rules of Civil Procedure. A motion for summary judgment should be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). Parties generally move for summary judgment after completing discovery. The moving party must demonstrate that the parties do not dispute any material facts. If any material facts are disputed the motion must be denied. Factual disputes can not be resolved at the summary judgment stage, but must be reserved for trial.
Assuming there are no material facts in dispute, the court may grant a motion for summaiy judgment if the moving party is entitled to judgment as a matter of law. If the moving party does not bear the burden of proof at trial it must either: (i) submit affirmative evidence negating an essential element of the non-moving party’s claim; or (ii) demonstrate that the non-moving party’s evidence is insufficient to establish its claim. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). The moving party may support its motion with pleadings, deposition transcripts, answers to interrogatories, admissions on file and affidavits. Mass.R.Civ.P. 56(c). An adverse party may not defeat a motion for summary judgment by resting merely on the allegations and denials of its pleadings but must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that there is a genuine issue for trial. Mass.R.Civ.P. 56(e).
*142 4.All Rational Presumptions Are Made in Favor of the Validity of Every Legislative Act
Injudicial review of legislative acts, the Massachusetts Supreme Judicial Court has held that, “(a]ll rational presumptions are made in favor of the validity of every act of the legislative department of government, and the court will not refuse to enforce it unless its conflict with the Constitution is established beyond reasonable doubt.” Perkins v. Westwood, 226 Mass. 268, 271 (1917). “It is only when a legislative finding cannot be supported upon any rational basis of fact that can be reasonably conceived to sustain it that a court is empowered to strike down the enactment.” Slome v. Chief of Police of Fitchburg, 304 Mass. 187, 189 (1939). A person challenging the constitutionality of a statute thus has an “onerous burden of proof’ to establish its invalidity. Commonwealth v. Henry’s Drywell Co., 366 Mass. 539, 541 (1974). Moreover, it is the duty of the court to construe statutes so as to avoid constitutional difficulties when reasonable principles of statutory construction permit. School Committee of Greenfield v. Greenfield Educ. Ass’n, 385 Mass. 78, 79 (1982).
5.Proportionality of the Assessment
The Massachusetts Constitution empowers the legislature “to impose and levy proportional and reasonable assessments, rates, and taxes, upon all the inhabitants of, and persons resident, and estates lying, within the said commonwealth.” Mass.Const.Pt. 2, c. 1, § 1, Art. 4. The Bozenhards argue that the utility easement prevents them from using a portion of their land for any purpose which may involve a sewer connection and therefore an assessment of their entire parcel is unconstitutional as applied to them because it has the effect of assigning to them a disproportionate share of the costs of the sewer. However, the Bozenhards’ argument does not accurately reflect the rule on proportionality. A property or real estate tax is proportional in a strict mathematical sense, only when it bears the same ratio to the whole sum raised by taxation as the taxpayer’s taxable estate bears to the whole taxable estate of the Commonwealth. Keniston v. Board of Assessors of Boston, 380 Mass. 888, 895 (1980), quoting Opinion of the Justices, 220 Mass. 613, 621 (1915). However, the court has recognized that “practically it is impossible to secure exact equality or proportion in the imposition of taxes.” Bettigole v. Assessors of Springfield, 343 Mass. 223, 231 (1961), quoting Cheshire v. County Comm’rs of Berkshire, 118 Mass. 386 (1875). See also Keniston, 380 Mass, at 896, quoting County of Essex v. Newburyport, 254 Mass. 232 (1926) (“No tax system has been devised whereby a perfect equalization of its burdens” can be accomplished). In calculating the Bozenhards’ assessment, the Board used the formula authorized by statute. While such a formula does not take into account all conceivable differences in each parcel of land, constitutional proportionality only requires that the method applied be reasonable and uniform and not substantially in excess of the benefit received. See Seiler v. Board of Sewer Commissioners of Hingham, 353 Mass. 452, 457 (1968). In the case at bar, the formula was applied consistently to each parcel assessed in connection with the new sewer line. The Bozenhards have failed to demonstrate that the legislature’s prescribed method of assessment is unreasonable or that it was not applied uniformly throughout the town.
6.The Assessment Reflects the Benefit Conferred on the Parcel as a Whole
The Bozenhards argue that the utility easement on their property prohibits them from enjoying the full benefit conferred by the sewer. The language of c. 83, §14 clearly states that a person who enters into a common sewer or by more remote means receives a more remote benefit shall pay the town a proportional part of the charge for its construction or repair. G.L.c. 83, §14. Section 14 clearly contemplates assessments for benefits received by more remote means than a direct connection. Assessments have been held as valid on properties unconnected to a sewer line on the grounds that a general system of sewerage is a public work of such permanent nature that its benefits accrue to abutting properties. See O'Connell v. First Parish in Malden, 204 Mass. 118 (1910). Here, the Bozenhards receive a direct benefit from their connection. As long as a benefit is conferred on the property, there is no requirement that the benefit be tied to every inch of the parcel. For this reason the plaintiffs’ reliance on Seiler is misplaced. By virtue of their connection to and use of the sewer line, the Bozenhards’ parcel is benefited by the sewer and the parcel was properly assessed by the Board. See Exeter Realty Corp. v. Town of Bedford, 356 Mass. 399 (1969). Indeed, the town has a duty to assess those “remotely benefited as well as those immediately benefited by the sewer.” Stepan Chemical Co. v. Town of Wilmington, 8 Mass.App.Ct. 870, 881 (1979). Here the plaintiffs’ land taken as a whole did receive an immediate benefit from the new sewer line.
7.The Easement Is Inextricably Tied to the Parcel as a Whole
The Bozenhards argue that their land, subject to a utility easement, is not fully benefited by the new sewer line. While the use of the portion of their land occupied by the easement may be irrevocably restricted, the Bozenhard’s purchase of the property subject to the easement implies there is an overriding value to the parcel as a whole despite the presence of the easement. While the Bozenhards may not be able to build on the easement, the Board persuasively argues that there is an inherent value in the land such as open space, open light and air and buffer from other buildings and activities. As the Board asserts, the land itself is more valuable subject to the easement than it would be without the existence of the fee subject to the easement. In addition, because the easement is inex *143 tricably tied to the parcel as a whole, the method used by the Bozenhards to extract the easement from the assessment improperly assumes that the assessment can simply be reduced by the total square footage of the easement.
8. The Utility Easement Does Not Fall Under the Exception for “Any Other Cause” Provided in G.L.c. 83, §15
G.L.c. 83, §15 states in part, “.. . no assessment in respect to any such land, which by reason of its grade or level or any other cause cannot be drained into such sewer, shall be made until such incapacity is removed.” The Bozenhards contend that the exception, “any other cause,” should include an easement. However, as the Board suggests, the statutory reference to “any other cause” is a reference to physical impediments blocking drainage into the sewer. Statutory language is to be construed according to the common and approved usage of the language. G.L.c. 4, §6. The words used in a statute should be understood by reference to the context in which they appear and the statute as a whole. Polaroid Corp. v. Commissioner of Revenue, 393 Mass. 490, 497 (1984) (words of a statute must be constructed in association with other statutory language and general statutory plan). This court is not inclined to extend the meaning of the statute to include an easement where there is no indication the statute comprehended such an expansion. Furthermore, the Bozenhards have failed to offer evidence that an easement has ever been excluded from an assessment under the uniform method used by the Board.
9. Including the Utility Easement in the Betterment Assessment of the Plaintiffs’ Land Is Not Unreasonable and Unjust
The burden is on the petitioner to show by a fair preponderance of the evidence that the assessment is unjust. Beals v. Inhabitants Brookline, 174 Mass. 1, 18 (1899). In effect, the Bozenhards argue that a frontage-based assessment is unreasonable and invalid in the circumstances of this case because an existing easement substantially decreases their capacity to access new sewer connections. However, this argument does not overcome the Bozenhards’ burden of demonstrating that the assessment is unjust. The Bozenhards offered no evidence but merely an argument based on plans that reveal the existence and location of the easement. The house on the land is connected to and benefits from the construction of a new sewer line. Given the Bozenhards’ current connection to and benefit from the sewer line, a limitation on future sewer connections is immaterial. Therefore, the assessment is not unreasonable and unjust.
ORDER
For the reasons stated above the plaintiffs’ motion for summary judgment is DENIED and the Board’s motion for summary judgment is ALLOWED.

The statute states in relevant part:
In providing for payment of the remaining portion of the cost of said system or systems of sewerage and sewage disposal, including the use of said system or systems by abutters to the system or systems of sewerage and sewage disposal, including public and private institutions, the town may avail itself of any or all of the methods permitted by the General Laws, including annual charges, as provided for in section sixteen of the chapter eighty-three thereof, which may be applied to the payment of the cost of operation, maintenance and repairs of the system or systems of sewerage and sewage disposal, and to defray also such portions of the cost of construction of said system or systems as the town shall by vote determine. The charges and assessments shall be paid by every person or institution who enters his or its particular sewer into the system or systems of sewerage and sewage disposal of the town.